CHMIELEWSKA, RESPONDENT, *v.* BUTTE & SUPERIOR MINING CO., APPELLANT.

(No. 6,206.)

(Submitted October 27, 1927.  Decided November 30, 1927.)

[261 Pac. 616.]

*Master and Servant—Workmen's Compensation Act—Presentation of Claim—Limitation—Statutes and Statutory Construction.*

Workmen's Compensation — Presentation of Claim — Time — Statutory Provision Mandatory.

1. *Held*, that the provision of section 2899, Revised Codes 1921 (Workmen's Compensation Act), making it incumbent upon a claimant for compensation to present his claim in writing under oath to the employer, insurer or the Industrial Accident Board, within six months after the accident, or it "shall be forever barred," is mandatory, and that the liberality of construction enjoined by the Act in interpreting its provisions cannot be carried to the extent of holding that because of delay in transmission of papers to and from a foreign country, where the widow of decedent employee resided, presentation of the claim after the expiration of the six-months' period was timely.

---

1. Time within which notice must be given or other steps taken, see notes in L. R. A. 1917D, 138; L. R. A. 1918E, 559. See, also, 25 R. C. L. 767; 28 R. C. L. 825. Strict or liberal construction of Workmen's Compensation Acts, see notes in L. R. A. 1916A, 215; L. R. A. 1917D, 89. See, also, 28 R. C. L. 755.

[81 Mont. 36.]

Statutes and Statutory Construction—Province of Courts.
2.  It is the province of courts to construe and apply the law as they find it, to maintain its integrity as it has been written by a co-ordinate branch of the state government; when the terms of a statute are plain, unambiguous, direct and certain, it speaks for itself; there is no room for construction.

[1]  Workmen's Compensation Acts, C. J., sec. 34, p. 40, n. 95; sec. 103, p. 106, n. 51.
[2]  Constitutional Law, 12 C. J., sec. 387, p. 883, n. 98. Workmen's Compensation Acts, C. J., sec. 34, p. 41, n. 97, 2; sec. 103, p. 106, n. 51 New. Statutes, 36 Cyc., p. 1103, n. 90, 92.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

PROCEEDING under the Workmen's Compensation Act by Marjanna Chmiel-Chmielewska for the death of her husband, Jan Chmiel vel Chmielewska, against the Butte & Superior Mining Company. An award of the Industrial Accident Board denying the claim was reversed on appeal to the district court, and the employer appeals. Judgment reversed.

*Messrs. Kremer, Sanders & Kremer,* for Appellant, submitted a brief; *Mr. Alfred Kremer* argued the cause orally.

·Citing: *Rogulj* v. *Alaska Gastineau Mining Co.,* 288 Fed. 549; *Fidelity & Casualty Co.* v. *Industrial Acc. Com.,* 177 Cal. 472, 170 Pac. 1112; *Hunt* v. *Industrial Acc. Com.,* 43 Cal. App. 373, 185 Pac. 215; *Schwartz* v. *Hartman Fur. & Carpet Co.;* 205 Ill. App. 330; *Bushnell* v. *Industrial Board of Illinois,* 276 Ill. 262, 114 N. E. 496; *Northwestern Malt & Grain Co.* v. *Industrial Commission,* 313 Ill. 534, 145 N. E. 89; *Inland Rubber Co.* v. *Industrial Commission,* 309 Ill. 43, 140 N. E. 26; *Garbouska's Case,* 124 Me. 404, 130 Atl. 180; *Cooke* v. *Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013; *Kalucki* v. *American Car & Foundry Co.,* 200 Mich. 604, 166 N. W. 1011, 1013; *Pathe Exchange* v. *Court of Common Pleas, Hudson County* (N. J.), 129 Atl. 468; *Luszcs* v. *Seaboard By-Products Co.,* 101 N. J. L. 170, 127 Atl. 212; *Deslauriers Column Mould Co.* v. *Jackson*

2.  See 25 R. C. L. 957.

(N. J.), 127 Atl. 798; *Rohde* v. *State Industrial Acc. Com.,* 108 Or. 426, 217 Pac. 627; *Graham* v. *J. W. Wells Brick Co.,* 150 Tenn. 660, 266 S. W. 770; *Millers' Indemnity Underwriters* v. *Hughes* (Tex. Civ. App.), 256 S. W. 334; *Rezaldo* v. *Industrial Commission,* 61 Utah, 412, 213 Pac. 1083; *McLead* v. *Southern Pac. Co.,* 64 Utah, 409, 231 Pac. 440; *Aetna Life Ins. Co.* v. *Industrial Commission,* 66 Utah, 235, 241 Pac. 223.

*Mr. John W. James, Mr. C. T. Haas,* and *Mr. Peter A. Schwabe* (the latter two of the Bar of Portland, Oregon), for Respondent, submitted a brief; *Mr. Schwabe* argued the cause orally.

After analyzing the cases cited by appellant: All in all, we are confident that we have successfully demonstrated that not one of the numerous cases cited by appellant has even a reasonable similarity in fact, nor proximate analogy in the questions and issues of law decided by the courts to merit their serious consideration in the decision of the case at bar, and they are left, therefore, without further comment for the more important task of submitting to this court cases in which the facts are readily recognizable at once as strikingly similar, and the issues of law closely akin, we dare say, parallel, with those with which we are confronted in the case at bar.

The first of these cases is that of *Matwiczuk* v. *American Car & Foundry Co.,* 189 Mich. 449, 155 N. W. 412, decided by the supreme court of the state of Michigan on December 21, 1915. The only other case which it appears possible to find, where the facts again are practically parallel to the case at bar is the case of *Culurides* v. *Ott,* 78 W. Va. 696, 90 S. E. 270, a West Virginia case decided by the supreme court of appeals of that state, on September 26, 1916. These cases, we submit, refute the claim that under no possible conceivable circumstances the time limitation of six months is to be affected by a liberal application, no matter how strongly good conscience or justice might demand it.

28 Ruling Case Law, section 113, in speaking of statutory time limitations on filing notice and claim, states: ''The Compensation Acts, as a rule, require a notice of the fact of injury to be given to the employer, and that the claim for compensation must be presented in a prescribed manner. Both the giving of notice and the presentation of the claim are essential steps to the allowance of compensation, and an unexcused failure to comply with either of these requirements will be ground for a refusal to make an award, unless it clearly appears that no prejudice has resulted therefrom.  *  *  * It is essential also that the applicant comply with the provision respecting the time for the giving of notice and the presentation of claim, but a noncompliance in this respect will not be fatal where it appears that no prejudice has resulted. Many states, indeed, expressly provide that a failure to give notice, or defects in form, shall not preclude the allowance of compensation, where it is shown that noncompliance with the act was occasioned by mistake or other reasonable cause.''

In closing, it is respectfully submitted that on the two only occasions when the issues presented by this case were taken to the highest courts of the respective states, namely, the *Matwiczuk* and *Culurides Cases* herein offered in support of our case, the courts have allowed the claims, and the opinions in both breathe and extol the idealism and the humanitarianism that have inspired the legislatures of practically every state of our Union to pass their respective Workmen's Compensation Acts for the relief of those on whom fall the risks and dangers of our manifold, vast industries. Hard would it be to find one in which the legislators have not enjoined upon the courts to temper the stern inelasticity of the law with liberality of construction. These Acts, and every interpretation of them by the boards, commissions or officers appointed to administer them, and by the courts to whom these interpretations are taken for affirmation or correction, mark the stages in the evolution of the man who began in the years that have passed as a serf without rights or privileges, and has slowly developed with

the increasing understanding of humanity and their growing consideration and regard for the welfare of each other, until now he is on a par and equal with those whose sources of livelihood are other than physical labor with its thousand risks and dangers. It is these Workmen's Compensation Acts upon which the laborers and mechanics, or in the unfortunate event of death, their dependents, rely to aid them when tragedy occurs and their earning power is lost or impaired or their livelihood cut off through accident and injury while engaged at work.

Ill would it behoove the state of Montana to mark the first backward step from the glorious progress in the administration of the Workmen's Compensation Acts, and we again respectfully urge that in equity and justice, as in law, the decision of the district court of Silver Bow county should be affirmed.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of plaintiff.

The facts are that one whose true name seems to have been [1] Jan Chmiel vel Chmielewska died on January 12, 1925, of injuries received in the course of his employment while he was in the employ of the Butte and Superior Mining Company, a corporation. The deceased, a Pole, left a wife and child residing near Warsaw, Poland. On January 18, 1925, Jan Sierocki, a friend of the deceased, by letter of that date, notified the Consul General of the Republic of Poland at Chicago of the fatal accident. The Consul General instructed his western representative, C. T. Haas, an attorney at law at Portland, Oregon, to take steps to safeguard the interests of the heirs so that they might obtain the benefits of the Compensation Act. Mr. Haas immediately advised the Industrial Accident Board of his intention to file a claim for compensation on behalf of the widow, and requested forms for the presentation of the claim, saying he had authority to do so. The board informed

Mr. Haas the Butte and Superior Mining Company was a self-insurer, and he should get the forms from that company. Haas informed the company that he intended to make claim for the widow and requested that proper forms be sent him. This the company did promptly, and with equal promptness Haas sent the forms to the Consul General with detailed instructions for their execution and a special notation that the utmost haste was required in having them executed by the widow because of the six-months' limitation for filing the claim.

The Consul General's records show that he received the forms on February 20, 1925, and, after translation and drawing the regular requisition, forwarded them to the Court of Peace of Biala-Podlaska, Poland, on March 12, 1925. The documents were executed by the widow, Marjanna Chmiel vel Chmielewska, on April 25, 1925. Documents showing identity and relationship were issued by the Bureau of Vital Statistics on May 15, 1925; these were legalized by the court on May 16 and all the documents were legalized by the circuit court of Biala, Poland, on May 17, 1925. Then they were legalized and super-legalized, by the Ministry of Justice at Warsaw, by the Foreign Office, by the American Consul General at Warsaw. The documents with their seals were then returned to the Foreign Office, and eventually forwarded to the Consul General of Poland in Chicago, in whose office they arrived July 23, 1925, eleven days after the expiration of the six months elapsing after the death of Jan Chmiel vel Chmielewska. Delay from July 23 to October 5, 1925, when the documents were sent to Mr. Haas is explained by the Consul General at Chicago thus: "by intervention of unpreventable seasonable restriction in the consular staff, making translation and dispatch of documents impossible." The papers were filed with the Industrial Accident Board on October 16, 1925.

The defendant filed a protest against the allowance of the claim for compensation on the ground that under the provisions of section 2899, Revised Codes 1921, the claim was filed too late. After consideration the board denied the claim.

Upon appeal the district court held the conclusion of the board to be "unreasonable under the law and all the circumstances of the case," and ordered judgment for plaintiff.

Section 2899, supra, reads as follows: "In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within six months from the date of the happening of the accident, either by the claimant or some one legally authorized to act for him in his behalf."

The question is whether this statute is susceptible of a construction which will excuse the failure to file a claim for compensation "within six months from the date of the happening of the accident." Counsel for plaintiff urgently call to our attention section 2964, Revised Codes 1921, which provides that whenever the Compensation Act or any part or section thereof is interpreted by a court, it shall be liberally construed. All of the decisions of this court in construing the Compensation Act have been in accord with that policy. The statute was referred to specifically in *Page* v. *New York Realty Co.*, 59 Mont. 305, 196 Pac. 871, and *Dosen* v. *East Butte Copper Mining Co.*, 78 Mont. 579, 254 Pac. 886. Moreover, by the provisions of section 4, Revised Codes 1921, all the provisions of the Codes and all proceedings under them are to be liberally construed with a view to effect their objects and to promote justice. But in the construction of a statute the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, nor to omit what has been inserted. (Sec. 10519, Rev. Codes 1921.)

"Our duty is not to enact but to expound the law, not to [2] legislate but to construe legislation; to apply the law as we find it, to maintain its integrity as it has been written by a co-ordinate branch of the state government." (*Cooke* v. *Holland Furnace Co.*, 200 Mich. 192, L. R. A. 1918E, 552, 166 N. W. 1013.) When the terms of a statute are plain, unambiguous, direct and certain, the statute speaks for itself;

there is naught for the court to construe. So it is here; the statute says plainly and unequivocally that in case of personal injury or death all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within six months from the happening of the accident.

As plaintiff's claim was not filed within the period prescribed by the statute she cannot recover. The statute is mandatory and a compliance with its requirements is indispensable to the existence of the right to maintain proceedings to compel the payment of compensation. (*Georgia Casualty Co.* v. *Ward* (Tex. Civ. App.), 259 S. W. 1103; *Inland Rubber Co.* v. *Industrial Commission,* 309 Ill. 43, 140 N. E. 26; *Northwestern Malt & Grain Co.* v. *Industrial Commission,* 313 Ill. 534, 145 N. E. 89; *Poccardi* v. *Ott,* 83 W. Va. 166, 98 S. E. 69; *Cooke* v. *Holland Furnace Co.,* supra; *Rubin* v. *Fisher Body Corporation,* 205 Mich. 605, 172 N. W. 534; *Dochoff* v. *Globe Construction Co.,* 212 Mich. 166, 180 N. W. 414.)

Counsel for plaintiff rely especially upon *Culurides* v. *Ott,* 78 W. Va. 696, 90 S. E. 270, and *Matwiczuk* v. *American Car & Foundry Co.,* 189 Mich. 449, 155 N. W. 412. In each of these cases there had been a bona fide, though defective, application made for compensation within the limitation prescribed by the statute. See comment in *Poccardi* v. *Ott,* supra, where the court said: "The statute makes no exception in favor of delayed applications; it is imperative." *Matwiczuk* v. *American Car & Foundry Co.,* was commented upon in *Cooke* v. *Holland Furnace Co.,* supra, and that case was followed in *Kalucki* v. *American Car & Foundry Co.,* 200 Mich. 604, 166 N. W. 1011, wherein it is said: "The six months' limitation of time fixed by the Act for claiming compensation under it is plainly expressed with no qualification and no latitude given, by proviso or otherwise, to the board administering it for extension of time."

The statute may be deemed a harsh one, but its mandate is clear and unequivocal. "There is no room for construc-

tion, and the difficulties attending upon a judicial variance from the legislative rule are obvious.'' (*Schild* v. *Pere Marquette R. R. Co.*, 200 Mich. 614, 116 N. W. 1018; *City of Milwaukee* v. *Miller*, 154 Wis. 652, Ann. Cas. 1915B, 847, L. R. A. 1916A, 1, 144 N. W. 183.)   The action of the Industrial Accident Board was right.

The judgment of the district court is reversed.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.