MAKI, Appellant, *v.* ANACONDA COPPER MINING CO., Respondent.

(No. 6,625.)

(Submitted April 8, 1930.   Decided April 25, 1930.)

[287 Pac. 170.]

Mr. *F. K. Sullivan* and Mr. *H. A. Tyvand*, for Appellant, submitted a brief; *Mr. Sullivan* argued the cause orally.

*Mr. L. O. Evans, Mr. D. M. Kelly, Mr. D. G. Stivers, Mr. John D. Dwyer* and *Mr. John A. Groeneveld*, for Respondent, submitted a brief; *Mr. Dwyer* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Jalmar Maki has appealed from a judgment of the district court of Silver Bow county, affirming the decision of the Industrial Accident Board, to the effect that his claim for compensation for an alleged injury resulting from an industrial accident is barred by failure to file the same within time.

The record made before the board, and considered by the court without further testimony, shows that the claimant was treated by a company physician, under hospital certificate No. 2024, on March 1, 1928, for "sore eyes," and discharged as cured on March 3. Thereafter, according to the testimony of the claimant and his working partner, on March 19, 1928, claimant, while working underground in the West Colusa mine operated by the defendant company, got a small piece of rock in his right eye, which was removed by his partner by the use of a small splinter of wood. The injury "was nothing" and was not reported; the two finished the shift. However, the next morning the claimant was not well and had some

swelling in his face; he thought he "had a cold or something" and remained at home, requesting his partner to get him a hospital certificate. The slip issued was for "a cold." At 10 o'clock on March 20, 1928, claimant went to the Murray hospital, which was under contract with the company, saw a physician and returned at about 4 P. M. with a well-defined case of erysipelas. The physician testified that Maki told him he had been sick or having pains for two days; that the erysipelas was in the nose, but affected the soft tissues about the eyes, more particularly the right eye, but he was unable to find any abrasion through which the disease germs might have entered. Three days later the patient became delirious, and, fighting off his nurse, jumped from a third-story window and broke his left arm. The delirium lasted ten or eleven days; the arm became infected and for a period of "three or four months" the patient's condition was "extremely poor" and he could not think clearly or coherently; he was discharged from the hospital on July 27, 1928.

From August 21 to 28, claimant attempted orally to present his claim to the company through its claim agent and safety engineer; these attempts resulted only in the latter filling out a blank form from the alleged statements made by claimant, from which it appears that claimant "took hospital certificate on Mar. 1, 1928, for sore eyes." "Cause of accident—claims while picking got some dirt in his eyes." Under the head of "Hospital Certificate" appears "No. 2024." This report carries the annotation: "Maki is the man who was in the hospital with erysipelas."

The claim agent testified that Maki told him, in August, that he had had trouble with his eyes "five or six days prior to the date that the hospital slip was taken, on the 20th of March." On August 28, the claim agent informed Maki that he could not consider the claim for compensation.

On October 20, 1928, Dr. Worden, the attending physician, wrote the board a history of Maki's case, stating that "from March to July" his condition was such that he could not have

been expected "to have made his claim." In his letter the doctor advised the board: "In July, he asked me to make a report to the claim department of the A. C. M. Co., saying that the day before the erysipelas became apparent he had been struck in the right eye by a piece of flying rock; * * * I made a report including the information I have given you, to the A. C. M. Co., and although he and his partner were interviewed by a member of the claim department, they were told that his claim for compensation was not justified." This letter was forwarded by the board to the legal department of defendant company.

In December Maki employed counsel, and a formal verified claim was filed with the board on December 21, 1928. To the claim the defendant filed an answer, alleging that claimant suffered from a germ disease and not from the result of an industrial accident; that the disease developed before the alleged accident, and, if in fact claimant was injured, the erysipelas did not result from the injury. As a separate defense the answer pleaded sections 2933 and 2899, Revised Codes 1921, as bars to the maintenance of the claim.

The board decided that the claim was barred under the provisions of section 2899, which declares: "In case of personal injury or death, all claims shall be forever barred unless presented in writing under oath to the employer, the insurer, or the board, as the case may be, within six months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf." The district court sustained this decision, and, in addition, made findings to the effect that, on the record, the claimant was not entitled to compensation as for injury resulting from an industrial accident. As the court was called upon only to determine the validity of the order made by the board, we are now concerned only with its judgment upholding the decision of the board.

As the board made no finding respecting the mental condition of the claimant at any time subsequent to March 23, 1928,

320

we must assume that the board overlooked the provisions of section 2900, Revised Codes 1921, as amended by Chapter 121, section 9, Laws of 1925, which provides: "No limitation of time as provided in the preceding section or in this Act shall run as against any injured workman who is mentally incompetent and without a guardian * * * A guardian * * * may be appointed by any court of competent jurisdiction, in which event the period of limitations as provided in the preceding section, shall begin to run on the date of appointment of such guardian."

Conceding that the claimant was mentally incompetent from March until July, as claimed by counsel, the filing of the formal claim in December was timely; the board and the trial court were in error in holding that the claim was barred by the provisions of section 2899, above. However, if the claim was, in fact, barred by any other applicable statute, pleaded and relied upon by defendant, the decision must be upheld, for, if a prevailing party is entitled to an order or a judgment, the action of the court in granting it must be affirmed, although the particular reason for the ruling is erroneous. (*City of Butte* v. *Goodwin*, 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670.) This rule is too firmly established in this jurisdiction to require further citation or to be now departed from.

In addition to section 2899, above, defendant pleaded and relied upon section 2933, which declares a condition precedent to the right to maintain a claim and reads: "No claim to recover compensation under this Act for injuries not resulting in death shall be maintained unless, within sixty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing, stating the name and address of the person injured, the time and place where the accident occurred, and the nature of the injury, and signed by the person injured, * * * shall be served upon the employer or the insurer; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work .

upon which the injured employee was engaged at the time of the injury shall be equivalent to such service.''

There is no suggestion in the record or in argument that this provision of the Compensation Act was complied with; but counsel assert that ''Mr. Maki presented his oral claim for compensation to the defendant August 21st, 1928, upon instructions from Dr. Worden, * * * on said date gave notice to said defendant of his injuries,'' and thereon is based the assertion that defendant had ''actual knowledge of Mr. Maki's injuries within sixty days from the time he might be deemed mentally competent under the medical evidence in this case.'' It is further suggested that, as no guardian was ever appointed for Maki, the limitations found in the Act never began to run against the claim. There is no merit in this latter suggestion; section 2900, as amended, tolls the statute referred to only during mental incapacity.

As section 2900, as amended, reads: ''No limitation of time as provided in the preceding section *or in this Act* shall run as against an injured workman who is mentally incompetent,'' and as the reason for tolling section 2899 applies with equal force to section 2933, also a ''limitation'' of time, and as section 2964, Revised Codes 1921 requires us to give a liberal construction to the Compensation Act, we hold that the provisions of section 2900 extend the time for giving the written notice required by section 2933 to sixty days after the injured workman is restored to mental capacity, in spite of the fact that it only declares the ''period of limitation *as provided in the preceding Section*'' shall begin to run from the date of the appointment of a guardian.

Had the claimant produced a report made by Dr. Worden in July, at his request as indicated by the doctor's letter, we would be able to declare it a compliance with the statute, but even claimant's counsel place no reliance on such a report and the record contains no competent evidence that it was made. While on the stand the doctor did speak of ''my report to the A. C. M. Co.,'' but did not attempt to give its contents

or the time when it was made, and no attempt was made to compel its production or to show that it reached the employer. Asked as to when the claimant first advised him of an injury, the doctor replied: "Just some time prior to the time I wrote that letter; just before I made my report to the A. C. M. Co." He was of the opinion that he wrote the letter in July, but, with it before him, he testified: "He didn't give me any symptoms of injury until along in September or October." Claimant's testimony casts greater doubt on the correctness of the statement found in the letter than does that of the doctor, as he makes no mention of requesting the doctor to make a report, but, on the contrary, testified that, at some time after he was discharged from the hospital, the doctor advised him to go to the claim department of the company, which he did on August 21, 1928.

From the testimony of the claimant, as well as that of the claim agent and safety engineer, it is clear that the only report of the accident and injury was claimant's oral communication made in August and reduced to writing as above set forth and as to which the evidence is conflicting. If this writing be claimed as compliance with section 2933, it is unavailing, since it contains no mention of an accident and injury on March 19, but expressly refers to an accident of March 1, which, according to claimant's counsel, had nothing to do with the erysipelas and consequent claim for compensation, and, as an admission of "actual knowledge," it falls far short of showing even notice of the injury on which the claim is based.

Again, the record fails to show that any information imparted by the claimant to the safety engineer was communicated to the "employer, managing agent or superintendent." Of course, a corporation can only have such actual knowledge as is possessed by its agents, but our statute declares, in this instance, the actual knowledge of what agents shall be deemed the knowledge of the employer.

In New York the law requires written notice to be given to certain designated agents of a corporate employer, but ex-

cuses failure to do so when no prejudice results, as where the employer was already in possession of the facts. In *Dorb* v. *Frederick Stearns & Co.*, 180 App. Div. 138, 167 N. Y. Supp. 415, 417, a showing was made that oral notice was given the foreman over the injured workman shortly after the accident, and that the foreman investigated the matter. On this showing the commission awarded compensation regardless of the failure to give written notice. In reversing this award, the court said: ''The practice of the commission in this case completely nullifies the statutory requirement for written notice * * * ; it does not help the case of the claimant that it was the duty of the agent [foreman] to report accidents to the employer. That was a matter between the agent and the employer. The agent owed no duty to the claimant to report the accident.''

Statutes adopted in many states, including the New York statute referred to, are much more liberal in excusing failure in this regard than is our statute, and construction of statutes by the courts of sister states is only of aid when the provisions are similar to ours.

As section 2899 ''is mandatory, and compliance with its requirements is indispensable to the existence of the right to maintain'' such a proceeding (*Chmielewska* v. *Butte & Superior Min. Co.*, 81 Mont. 36, 261 Pac. 616, 617), so likewise are the provisions of section 2933 mandatory and indispensable to the maintenance of a claim for compensation. (*Smith* v. *Industrial Acc. Com.*, 174 Cal. 199, 162 Pac. 636, 637.) In the *Smith Case* the court, commenting on a statute identical with section 2933, said: ''It is clear from these provisions that any kind of knowledge, other than actual, or first-hand knowledge, would be insufficient, for the statutory equivalent of the information required to be given in the notice is actual knowledge.'' Reversing an award made on as strong a showing, at least, as was here made, the court said of the oral communication: ''It was information conveyed * * * rather than his actual knowledge * * * upon which the award was made; * * * it is evident that the commission proceeded on the theory that, in the absence of a written notice, it is sufficient to prove that

oral information of the injury was given * * * within the statutory period." The position taken by counsel for this claimant is precisely that taken by the California commission, and by the supreme court of that state declared contrary to the mandatory provisions of a statute identical, as stated, with our section 2933.

We agree that provisions of the Compensation Act should be given a liberal construction in order to do justice, and, for this reason, we have gone to greater lengths than did his learned counsel in seeking to discover in the record some evidence on which we could say that the claimant showed either timely written notice, or its equivalent of actual knowledge on the part of those persons enumerated in the statute, but have found no evidence on which we can relieve the claimant from the declared result of his own neglect.

No rule of construction can justify the disregard of the plain mandate of the law. "In the construction of a statute the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted. (Sec. 10519, Rev. Codes 1921)." (*Chmielewska* v. *Butte & Superior Min. Co.*, above.) If a more liberal rule as to relief from failure to file the written notice "signed by the person injured or someone in his behalf" is desired, appeal must be made to the legislature, as this court cannot invade the province of that body.

As claimant did not file the written notice required within sixty days after he became mentally competent, or at all, and it was apparent that the employer did not have actual knowledge of the accident and injury, his claim could not be "maintained," and no error was committed in dismissing it.

The judgment is affirmed.

Associate Justices Galen, Ford and Angstman concur.

Mr. Chief Justice Callaway, being absent, did not hear the argument and takes no part in the foregoing decision.