STATE EX REL. MAGELO, RELATOR, v. INDUSTRIAL ACCI-DENT BOARD ET AL., RESPONDENTS.

(No. 7,561.)

(Submitted May 11, 1936. Decided June 12, 1936.)

[59 Pac. (2d) 785.]

*Mr. F. W. Mettler* and *Mr. Hugh R. Adair,* for Relator, submitted an original and a reply brief and argued the cause orally.

*Mr. W. W. Mercer* and *Mr. S. C. Ford,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding seeking a writ of supervisory control against the Industrial Accident Board and the district court of Musselshell county. The respondents have appeared by motion to quash, and answer which denies many of the allegations of the relator's affidavit.

On March 6, 1930, Charles Magelo, who had theretofore been an employee of the Roundup Coal Mining Company, filed with the Industrial Accident Board a claim for compensation. On May 17 following, a hearing was had before the board at Roundup, Montana, on the application. The claimant was present in person and represented by counsel, Charles F. Huppe, at the hearing. Testimony was there introduced on behalf of the employee and the employer. Thereafter, on July 8, 1930, a decision of the board was rendered, denying claimant's application on the ground that he had failed to file written notice of the alleged accident and injury within the time allowed by law, and thereupon his application was denied. No motion for rehearing was made at that time, and nothing further was done in connection with the claim until on March 14, 1933, when Magelo filed with the board a "petition to reopen the case," in which he prayed the board to investigate and determine the validity of his compensation claim. Theretofore, during the regular session of the legislature in the year 1933, a bill, Chapter 85 of the Laws of 1933, authorizing and empowering the Industrial Accident Board to allow the filing of a claim for compensation by Magelo was enacted. Subsequent to the filing of the petition to reopen the case, the Roundup Coal Company filed in this court a petition for writ of prohibition to restrain the board from taking any further action in the matter pending before it relative to this claim. The counsel who now represents the claimant and relator ap-

peared in response to an alternative writ, and moved this court to quash the writ, and on June 3, 1933, by decision of this court the alternative writ of prohibition was made permanent. (*State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board,* 94 Mont. 386, 388, 23 Pac. (2d) 253.) A peremptory writ of prohibition was issued out of this court on July 17, 1933, and served upon the Industrial Accident Board.

On August 31, 1933, Magelo filed in the office of the respondent board a petition for rehearing. No action was taken by the board on this petition, and on its refusal to act an application for a writ of mandamus was filed in the district court of Musselshell county on November 23, 1934, to compel the board to act upon this petition for rehearing. This application came on for hearing and evidence was offered on behalf of the respective parties, and after the conclusion of the hearing a judgment was entered dismissing the application. Thereafter an appeal from this judgment of dismissal was perfected to this court, and a transcript on appeal has been lodged with its clerk. An order was secured from this court extending the time within which the appellant might file his brief, and within such time application was made to this court for the present writ. The facts as related thus far are without dispute. Such additional facts as it is necessary to notice will receive attention throughout the opinion at appropriate places.

In his petition the relator has by reference made the transcript on appeal in the mandamus proceeding and also the records of the Industrial Accident Board with reference to the claim, which were received in evidence in that proceeding, a part of this petition, and all of these documents and papers are before us.

Relator seeks by this proceeding to have the respondent court reverse its judgment dismissing the application for writ of mandate, and the respondent board to grant the petition for rehearing filed on August 31, 1933, and to compute and allow his claim for compensation on account of his alleged permanent disability resulting from an asserted accidental injury said to have occurred on January 14, 1930.

Counsel in support of the motion to quash earnestly argue that this is not a proper case for the granting of a writ of supervisory control. In view of our conclusion, it is unnecessary for us to consider this question, and therefore we shall assume for the purposes of this opinion, but not decide, that this is a proper case for the issuance of such writ.

Counsel for the relator contend that no notice of the decision rendered on July 8, 1930, was ever served upon relator, Magelo. They argue that, there being no valid service, his petition filed in the year 1933 was within time. Opposing counsel argue otherwise. Section 2955, Revised Codes 1921, provides that "at any time within twenty days after the service of any order or decision of the board, any party or parties aggrieved thereby may apply for a rehearing" upon one or more of the grounds enumerated in the section. No question is here raised as to the sufficiency of the petition on its face.

The record of the Industrial Accident Board discloses that the claim was filed by Charles F. Huppe, as attorney for Magelo, and that he participated in the hearing before the board. In the files of the board is a carbon copy of a letter stating that a copy of the decision was transmitted to Mr. Huppe therewith. This is under date of July 10, 1930. The undisputed testimony received on the hearing for the writ of mandate is to the effect that Huppe in the summer of 1930 and about the month of August had in his possession a copy of this decision. Magelo testified on that proceeding that he never received a notice of the decision. The file of the Industrial Accident Board contains a letter under date of August 6, 1930, from Charles F. Huppe which indicates clearly that he at least at that time had received notice of the decision. Huppe died before the hearing in the district court and hence his testimony was not available. On September 16, 1930, Magelo wrote the board inquiring about his case, and in this letter he requested the board to advise him as to "what report was that the state board turned in on my case and I would like to know on what grounds has compensation been denied to me." A carbon copy of a letter found in the board's

file states that on September 24, 1930, a letter was addressed to Magelo informing him that a copy of the board's decision had been sent to Huppe, his attorney, and that if he would call on him, the attorney would show him the decision and explain the matter. The court in the mandamus proceeding found that notice of the decision was served upon the attorney for Magelo more than twenty days prior to the date of the filing of the petition for rehearing, and further found that the order was never served personally upon him.

Counsel for relator as a basis for their argument seize upon a part of a sentence appearing in the decision of this court in the case of *Shugg* v. *Anaconda Copper Min. Co.*, 100 Mont. 159, 46 Pac. (2d) 435, 438, wherein it was said: "Under section 2955, therefore, the aggrieved party is in the same position as one moving for a new trial in an ordinary case, and his application relates only to the condition and situation prevailing at the time of the original hearing." Counsel rely on that part of the sentence appearing prior to the conjunction "and." Basing their argument on this statement, they contend that the statutes and decision of this court relative to the service of notice of intention to move for a new trial are controlling. They cite and quote from at great length a decision of this court in the case of *State ex rel. Cohn* v. *District Court*, 38 Mont. 119, 99 Pac. 139. They argue that under this decision it was incumbent upon the Roundup Coal Mining Company to serve personally a notice of the decision upon Magelo, as they both resided in Roundup.

The sentence quoted from the opinion in *Shugg* v. *Anaconda Copper Mining Company* did not, and was not intended to, incorporate all of the statutory law and decisions with reference to motions for new trial and the service of such notices. The court was there attempting to distinguish between a petition for rehearing before the compensation board and a petition seeking to invoke the continuing jurisdiction of the board, and said that on a petition for rehearing the board was concerned

with facts and conditions as they existed with reference to the claimant at the time of the original hearing.

That the proceedings before the compensation board are in nowise regulated by the provisions of our Code of Civil Procedure is made manifest by section 2938, Revised Codes 1921, which provides as follows: "All hearings and investigations before the board, or any member thereof, shall be governed by this Act and by rules of practice and procedure to be adopted by the board, and in the conduct thereof neither the board nor any member thereof shall be bound by the technical rules of evidence. No informality in any proceedings or in the manner of taking testimony shall invalidate any order, decision, award, rule, or regulation made, approved, or confirmed by the board."

The provisions of the Code of Civil Procedure relate to proceedings in courts. We have said of the Industrial Accident Board that it is only "a ministerial and administrative body, but, in order to discharge its important functions, has quasi-judicial powers." (*Williams* v. *Anaconda Copper Min. Co.*, 96 Mont. 204, 29 Pac. (2d) 649, 652.)

We also there held that this court would not take judicial notice of the provisions of the rules of practice before the Compensation Board. No rules of practice are incorporated in this record. The Compensation Act contains no provision as to the method and manner of service of papers and notices. That would be an appropriate subject for the Compensation Board under the authority of section 2938, supra, to exercise its rule-making power. The board might well by rule provide for the service of notices by mail and that service upon attorneys for claimants was service upon the claimant. The record is clear that service was made upon Huppe, the attorney for Magelo, by mail, and that Magelo knew—at least by the month of September, if not earlier—that the board had denied his claim. Not being advised as to what the rules of practice of the Industrial Accident Board may be—the Compensation Law providing that all proceedings shall be in accord with the

statute or the rules of practice—we are in no position to assume or presume that a sufficient service of the notice of decision was not made upon Magelo. Furthermore, section 2938 declares that no informality in any proceeding shall invalidate any order, decision, award, rule or regulation made, approved, or confirmed by the board. At most, the service was informal, and for us to declare, in view of the lapse of time, that service was insufficient would be to ignore these sweeping statutory provisions.

Counsel argue that in obedience to the statute (Rev. Codes 1921, sec. 2964) we should construe the various provisions liberally. However, liberal construction is no justification for disregarding plain statutory provisions. In the case of *Maki* v. *Anaconda Copper Min. Co.*, 87 Mont. 314, 287 Pac. 170, 173, we said: "No rule of construction can justify the disregard of the plain mandate of the law. 'In the construction of a statute the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted. (Sec. 10519, Rev. Code 1921).' (*Chmielewska* v. *Butte & Superior Min. Co.*, above [81 Mont. 36, 261 Pac. 616].) If a more liberal rule as to relief from failure to file the written notice 'signed by the person injured or someone in his behalf' is desired, appeal must be made to the legislature, as this court cannot invade the province of that body."

We hold that on the records before us, the petition for a rehearing was filed without time, and that the respondent board was without jurisdiction to entertain the petition.

Furthermore, on the face of the record, other reasons exist why the claimant is not entitled to relief. Section 2933, Revised Codes 1921, as amended by section 7 of Chapter 177 of the Laws of 1929, provides that no claim for compensation not resulting in death shall be maintained unless within thirty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing is given to the employer containing the name and address of the person injured, the

time and place where the accident occurred, and the nature of the injury, signed by the claimant or on his behalf. An exception to this provision is a part of the section where the employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury has actual knowledge of the accident and injury.

Counsel for claimant assert that the Compensation Board was in error in denying the claim, in that the employer received written notice within the statutory period complying with the terms of this statute. The facts as to whether the alleged notice was received within the statutory time are in dispute. However, if we assume that the notice on which claimant relies was received within time, it was still insufficient. The doctor to whom Magelo went for treatment issued a certificate as follows: "Charles Magelo was sick and unable to work from January 17th to February 9th, 1930." The statute requires that the notice should give the time and place where the accident occurred, and the nature of the injury. Again it is contended that the statute should be liberally construed, but what we have said relative to liberal construction, supra, applies with like force and effect here. No time of injury, nor the facts that there was an injury, nor its nature, nor that there was an accident, is found in this written certificate. To hold this notice sufficient would be to ignore the plain mandate of the statute.

Again it is argued that under the facts before the Industrial Accident Board as disclosed by the testimony, the employer had actual knowledge within the exception contained in the statute. Here again the evidence was in conflict before the Industrial Accident Board. Magelo asserted that he told one Morse, or Moss, a foreman of the employer, concerning the accident. The testimony found in the record of the proceedings before the board discloses that Magelo testified that he told Morse, "I got hurt in my back." Another witness testifying on his behalf stated he was present at the time, and that

Magelo told Morse "he was hurt." Morse testified that at a later date, which it is not clear whether it was within or without the thirty-day period, that Magelo told him, "I am hurt on the 14th and worse on the 17th again." No one testified as to the foreman's being present at the time of any alleged injury suffered by Magelo. Magelo further testified that he had informed the foreman that he had a sore back. This is the extent of the testimony relating to actual knowledge.

Mere knowledge on the part of an employer that an employee became sick while at work will not, in the absence of some knowledge on the part of the employer that some accidental injury was sustained by the employee, amount to actual knowledge of an injury. (*Van Domelon* v. *Industrial Commission,* 212 Wis. 22, 249 N. W. 60, 92 A. L. R. 501, and cases there cited.) The above evidence is insufficient to establish actual knowledge within the rule approved by this court in the case of *Maki* v. *Anaconda Copper Min. Co.,* supra.

Furthermore, the evidence is very weak, but on this point we express no opinion as to whether the foreman to whom Magelo communicated this information concerning his physical condition, was a managing agent of the employer within the meaning of the statute.

Accordingly, the motion to quash is sustained and the proceeding dismissed.

ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. CHIEF JUSTICE SANDS and MR. JUSTICE MORRIS, being absent, did not hear the argument and take no part in the foregoing decision.

Rehearing denied July 22, 1936.