# NIGRETTO, Appellant, *v.* INDUSTRIAL ACCIDENT FUND, Respondent.

(No. 8,083.)

(Submitted September 25, 1940.   Decided October 5, 1940.)

[106 Pac. (2d) 178.]

84

*Mr. Joseph P. Monaghan,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Toomey, McFarland & Chapman,* for Respondent, submitted a brief; *Mr. John W. Chapman* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is taken from a judgment of the district court of Silver Bow county affirming the decision of the Industrial Accident Board denying compensation to the plaintiff, and dismissing her claim arising out of the death of her husband, Charles Nigretto.

The undisputed facts are that the deceased, Charles Nigretto, was employed by the Basin Montana Tunnel Company during November of 1937 and the early part of 1938, including the first weeks of the month of March; that on or about the first day of November, 1937, while engaged in pulling a log from a pile of timber, one of the logs in the pile slipped and rolled in such a

manner as to throw the deceased to the ground in a sitting position; that he continued to work out the shift and worked for several days thereafter; that on or about November 5 or 6 of 1937 he obtained a hospital slip from his employer, on which his difficulty was described as "rectal disturbance"; that he went to the Murray Hospital in Butte on November 6 and was operated upon for rectal abscess; that he made normal recovery from that operation and returned to work on January 20, 1938; that he continued to work until March 9, 1938; that upon the latter date he complained of having a cold and pains in his chest and secured a hospital slip and went to Butte that afternoon where he consulted a doctor; that on March 12 he went to the Murray Clinic, where he was examined by Dr. Atkins, who made a notation of his findings in the day book of the clinic as follows: "Flu—Pleurisy—T. 98.6 Chest—friction rub right upper"; that on the next day the deceased returned to the hospital in very bad condition and died later the same day; that subsequently a death certificate was signed by one of the other physicians of the hospital stating the principal cause of death as broncho-pneumonia with day of onset as March 11, 1938, and as a contributory cause a fractured rib, with date of onset as March 12, 1938.

Upon hearing before the board evidence was adduced showing that the notation "friction rub" was erroneously transcribed by a clerk at the clinic to the hospital record of the deceased so as to read "fractured rib right upper," and in making out the death certificate the physician referred to the hospital records and clinic card rather than the original day book, and thus mistakenly placed upon the death certificate, as a contributory cause, a fractured rib. Subsequently the words "fractured rib" were stricken out and the words "friction rub" were inserted in the death certificate.

The question determinative of this appeal concerns the sufficiency of the evidence to sustain the finding of the board and the trial court. In the first instance, the board is the trier of the facts and has the power and it is its duty to determine conflicts in the evidence. If no additional testimony is taken

on appeal to the district court, the case comes to it with the presumption that the board has decided correctly. Where additional testimony is taken, as in this case, the court determines the conflicts based on the record before the board, and that additional testimony. However, here the additional testimony before the court was not substantial, and the trial court would not be justified in reversing the board if the evidence before the court did not clearly preponderate against the findings of the board. (*Best* v. *London G. & A. Co.*, 100 Mont. 332, 47 Pac. (2d) 656; *Moffett* v. *Bozeman Canning Co.*, 95 Mont. 347, 26 Pac. (2d) 973; *Rom* v. *Republic Coal Co.*, 94 Mont. 250, 22 Pac. (2d) 161.) If the evidence is sufficient to sustain the findings of the board and the trial court, this court must affirm those findings even though some conflict in the evidence may exist.

The question before the trial court and the board was: Was the death of the deceased proximately caused by accident of November 1?

Plaintiff urges, first, that the accident caused the rectal disturbance which necessitated the operation in November of 1937, and that that operation so weakened the deceased as to induce the onslaught of broncho-pneumonia which resulted in his death. No substantial evidence on this point was offered and the board was justified in finding that there was no connection between the rectal abscess condition and the ultimate cause of death.

Plaintiff's second contention is that the accident of November 1 resulted in a fracture of one of deceased's ribs. The only testimony supporting this view is found in the statements made by two fellow employees in affidavits, which they largely repudiated on the stand. One of these witnesses did testify that after the accident of November 1, deceased complained on occasion of pains in his side. However, on the stand this witness, together with the other fellow worker, stated that no log rolled on the deceased and that he was not hit on the chest by a log. The other evidence which plaintiffs insist showed conclusively that there had been a fractured rib centered around the death certificate

and the hospital card which carried the notation "fractured rib right upper." The uncontradicted testimony is that the original day book entry made by the examining physician contained the words "friction rub," and no reference to a fractured rib. Dr. Atkins, who made this original entry, was called to the stand and testified positively that he found no evidence of a fractured rib. Plaintiff spent much of her time on the trial in attempting to impeach the testimony of Dr. Atkins and in attacking the credibility of the witnesses who testified as to the mistake in the transcription of the original record. This did not furnish any affirmative proof of the existence of the fractured rib, and the record is barren of any direct testimony that a fractured rib condition existed.

Plaintiff failed to carry the burden placed upon her and failed entirely to establish her claim that the injury of November 1 resulted in a broken rib, which in turn caused the bronchopneumonia resulting in the death of deceased. The testimony of the expert witnesses relied upon so much by counsel does not in any way tend to establish the claim of the existence of the broken rib, for the reason that this expert testimony is predicated upon a hypothetical question which takes as its first premise the existence of the broken rib. Viewed in the most favorable light, the testimony of the plaintiff did no more than establish a conflict in the evidence, which was determined adversely to her contention by both the board and the trial court. The record amply supports these findings and they will not be disturbed.

The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ARNOLD concur.