EARL E. DEAN, Plaintiff and Appellant,

*v.*

ANACONDA COMPANY, a corporation, Defendant and Respondent.

No. 9831.

Submitted Jan. 15, 1959. Decided Feb. 27, 1959.

335 Pac. (2d) 854.

14

Joseph P. Monaghan, Butte, for appellant.

W. M. Kirkpatrick, P. L. MacDonald and William J. Kelly, Butte, for respondent.

THE HONORABLE GEORGE J. ALLEN, District Judge (sitting in place of MR. CHIEF JUSTICE HARRISON):

This is an appeal from a judgment denying compensation under the Montana Workmen's Compensation Act R.C.M. 1947, sec. 92-101 et seq. Appellant, Earl E. Dean, filed his written claim for compensation on August 6, 1956, alleging total disability due to an alleged accident on May 24, 1956. He claimed that while working in a raise in respondent's Lexington Mine in Butte, Montana, he lifted a piece of timber above his head and was thrown off balance and felt a snap or catch in his back. He further alleged that he informed his shift boss of the occurrence when the shift boss helped him from the mine.

On September 7, 1956, respondent filed its answer to the claim for compensation, denying all of the material allegations

of the claim, and affirmatively alleging that appellant had not given written notice of the alleged injury to the employer, respondent herein, within thirty days of the occurrence thereof, and that the employer did not have actual knowledge of the injury as required by section 92-807, R.C.M. 1947.

Appellant filed his reply on September 13, 1956, and admitted there had been no written notice as required by said section 92-807, R.C.M. 1947, and affirmatively alleging respondent had actual knowledge of the alleged injury.

Thereafter, on October 9, 1956, a hearing was held by the Industrial Accident Board at Butte, Montana, before Robert F. Swanberg, Chairman of the Board. On November 19, 1956, the Industrial Accident Board made an order denying and dismissing the appellant's claim for compensation. Appellant's application for rehearing being denied by the Industrial Accident Board, appeal was taken to the District Court of the Second Judicial District, and came on for hearing therein on January 22, 1957. Additional testimony was then taken and upon said testimony and upon the certified record of the Industrial Accident Board, the district court upheld the Industrial Accident Board and entered judgment denying and dismissing appellant's claim for compensation.

The court concluded as a matter of law, as had the Industrial Accident Board, "That by reason of the failure of the plaintiff and claimant to give notice of the accidental injury within thirty (30) days after the alleged occurrence thereof, as provided and required by section 92-807, R.C.M. 1947, his claim for exemption is barred and hereby denied."

Section 92-807, R.C.M. 1947, at the time of the alleged injury provided:

"No claims to recover compensation under this act for injuries not resulting in death shall be maintained unless, within thirty days after the occurrence of the accident which is claimed to have caused the injury, notice in writing, stating the name and address of the person injured, the time and place where the accident occurred, and the nature of the injury, and signed by

the person injured, or some one in his behalf, shall be served upon the employer or the insurer, except as otherwise provided in section 92-602; provided, however, that actual knowledge of such accident and injury on the part of such employer or his managing agent or superintendent in charge of the work upon which the injured employee was engaged at the time of the injury shall be equivalent to such service.''

That the provisions of section 92-807, R.C.M. 1947, are mandatory and compliance with its requirements are indispensable to maintain a claim for compensation has been previously decided by this court. Maki v. Anaconda Copper Mining Co., 87 Mont. 314, 287 Pac. 170; State ex rel. Magelo v. Industrial Accident Board, 102 Mont. 455, 59 Pac. (2d) 785.

Appellant admitted in his reply before the Industrial Accident Board that no notice in writing of the alleged injury was given.

Thus, the question before the Board and court was whether the respondent had actual knowledge of an accident and injury happening to the appellant.

Our court has stated: ''Mere knowledge on the part of an employer that an employee became sick while at work will not, in the absence of some knowledge on the part of the employer that some accidental injury was sustained by the employee, amount to actual knowledge of an injury.'' See State ex rel. Magelo v. Industrial Accident Board, supra, 102 Mont. at page 464, 59 Pac. (2d) at page 789.

In answering this question, both the Industrial Accident Board and the court made the following findings of fact: ''That at the time of claimant's alleged accidental injury on May 24, 1956, no manager, or supervisory employee of the Anaconda Company was present, nor did the said employer have actual knowledge through its manager or supervisor of any accidental injury to the claimant.'' Appellant contends such a finding is not supported by the evidence.

It is well-settled, that in actions under the Workmen's Compensation Act, the supreme court must affirm the find-

ings of the Industrial Accident Board and of the district court, if the evidence is sufficient to sustain the findings of the Industrial Accident Board and the trial court, even though some conflict in the evidence may exist. Landeen v. Toole County Refining Co., 85 Mont. 41, 277 Pac. 615; Nigretto v. Industrial Accident Fund, 111 Mont. 83, 106 Pac. (2d) 178; Morgan v. Industrial Accident Board, 133 Mont. 254, 1958, 321 Pac. (2d) 232.

It is also well settled that the credibility of the witnesses and the weight of their testimony is exclusively for the trial court. Brown v. Webb, 37 Mont. 479, 97 Pac. 839; Wallace v. Wallace, 85 Mont. 492, 279 Pac. 374, 66 A.L.R. 587; Rentfro v. Dettwiler, 95 Mont. 391, 26 Pac. (2d) 992.

A review of the record shows that appellant, Earl E. Dean, and his working partner, Edward C. Bowes, testified that appellant told the shift boss, Herman Johnson, that appellant had slipped and hurt himself. However, Herman Johnson testified that he was not informed of any accident or injury to appellant, but only that appellant's back was sore and hurt him, and that appellant said, ''I am sick, I got to go up.''

These conflicting statements merely produce a conflict which the trial court had to resolve.

Further, the record is replete with evidence to sustain the trial court's finding, as shown by the following undisputed facts appearing in the record:

(1) That the record made by the timekeeper, which record was made on the day of the alleged accident shows the notation referring to the appellant as, ''Up sick at 12.''

(2) That the appellant did not ask for, nor obtain from respondent a hospital ticket alleging injury, until after July 23, 1956, more than thirty days following the alleged injury;

(3) That appellant filed a claim for insurance under his employer's group insurance contract for non-occupational ailment, and drew payments thereunder for about six weeks;

Further, Frank Gardner, ambulance driver, testified he was called the afternoon of May 24, 1956, to transport the appellant

from his home to the hospital, and that he asked Mr. Dean what was the matter. Mr. Dean told him he was sick, never mentioning that he had been injured or had had an accident.

Also, Mr. V. J. Kyllingstad, manager of respondent's claim department in Butte, testified that the first knowledge of the alleged accident came to the attention of his office on July 23, 1956, and that whenever a mine accident occurs or is alleged at the mine, his department is notified within three or four days.

Dr. William B. Talbot, testified that after the appellant was admitted to the hospital, he never mentioned any injury and in fact denied having had an injury.

Upon careful consideration, our conclusion is that the record amply supports the findings of the Industrial Accident Board and trial court. Such conclusion requires the affirmance of the judgment of the trial court and renders it unnecessary to consider other specifications of error.

Judgment affirmed.

MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, concur.

MR. JUSTICE BOTTOMLY (specially concurring):

Unfortunately, under the presentation of the facts and circumstances in the record in this particular case, I must agree only with the result reached in the majority opinion, but not with all that is said therein.