RICHARD McKINZIE, Claimant and Appellant, v. RALEIGH SANDON, Employer, and Security General Insurance Company, Defendants and Respondent.
No. 10513
Submitted December 4, 1962. Decided April 5, 1963.
380 P.2d 580.

Lee A. Jordan (argued orally), Missoula, for appellant.

Erwin L. Anzjon (argued orally), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from a judgment entered in the district court of Lewis and Clark County in favor of the employer and defendant insurer following an appeal by the claimant from the order of the Industrial Accident Board rejecting his claim for further benefits.

Claimant, 30 years of age, was injured on March 6, 1959, while working as a tong slinger near Lincoln, Montana. The injury was reported by the employer on March 7, 1959, and the employee's claim for compensation was received by the Board on March 24, 1959. The employer reported that the claimant received a daily wage of $16, hourly rate being $2 per hour, and that he worked eight hours per day for either five or six days a week. Claimant had been doing this type of work for approximately four months before he was injured.

On May 12, 1959, an examining physician advised that claimant had been seen on April 23, 1959, and had been told he could return to work as a therapeutic trial and that claimant

had worked one day, May 7, 1959, shingling, but was not too successful and did not work the next day because he was stiff and sore. Claimant had been seen on the day of the report by the physician, May 12, 1959, and was still not able to work at his usual occupation.

On June 8, 1959, claimant wrote the insurer as follows:

"I am very sorry I didn't write sooner in regards to my going to work. I went to work around the 23rd of May. I don't know how long I will be able to work, but will work as long as I can. I am feeling pretty fair now. Should I refund any of the last check I received?

The insurer paid benefits through May 28. The work record submitted to the Board by the claimant shows that during the month of May 1959, up to May 29, claimant had received $222.24 in wages for work done in private employment. Prior to working at tong slinging for the four-month period before referred to, claimant was employed as a carpenter. He testified the only kind of work he had done with any regularity before was farm work or carpentry, and he had been in the carpenter business since he was 19 years old. From the claimant's testimony before the Board it is apparent that at no time after he returned to work did he earn less than $2 per hour. His income tax returns disclose that his earnings in 1958, the year before he was injured, were $3,418.86; in 1959, the year of his injury, $4,321.55, and in 1960, $4,603.57.

On July 24, 1961, claimant filed a petition with the Board in which he alleged the fact of his employment and injury; that his medical and hospital bills had been paid by the insurance carrier, and that he had been paid weekly compensation during his healing period; that in the months and years since his accident he had attempted to return to various types of work but that because of his disability resulting from the accident he had been unable to return to his usual occupation as a tong slinger and by reason thereof he had suffered

a wage loss, and that such wage loss would likely continue indefinitely.

The Board set the petition for hearing on October 31, 1961. Following the hearing findings of fact were entered which, so far as pertinent here, found that claimant had been employed at the rate of $2 per hour, eight hours a day and a five-day average work week; that he had accepted employment as a carpenter and that his hourly earnings ranged from $2.35 to $3.25 per hour and that while claimant suffered temporary total disability and according to medical estimates had a bodily impairment of not more than 10 percent such impairment had not prevented him from engaging in work which enabled him to earn wages equal to or in excess of the wages he was earning at the time of the accident. The Board concluded that claimant had been entitled to compensation from March 6, 1959, the date of the accident to the date of his return to work on May 8, 1959, which compensation had been paid with an excess payment for the period from May 8 to May 28, 1959; that medical treatment and hospitalization had been provided in full and that by reason of his ability to carry on normal work at no loss in ability to earn wages he was not entitled to further compensation for either temporary or permanent disability.

On November 13, 1961, the Board entered its order denying and dismissing the petition. Petition for rehearing was filed and denied. On November 30, 1961, claimant appealed to the district court where the matter was submitted upon the certified record of the Board. On May 17, 1962, a judgment was entered in the district court whereby the appeal was denied and dismissed and judgment entered in favor of the defendant. On August 31, 1962, claimant appealed to this court.

Claimant specifies three errors. First, that the Board erred in making a finding that the claimant was working an eight hour day and five-day week at the time of his injury; second,

in finding that claimant's injury did not result in a wage loss to him; and third, in denying further compensation.

Claimant upon these specifications presents two issues: first as to the method of computing claimant's pay rate at the time of injury; and second, whether or not claimant's ability to return to lighter work which at times paid more than he was earning at the time of injury precludes him from receiving compensation.

■■ At the outset, we have many times stated that in actions under the Workmen's Compensation Act we must affirm the findings of the Industrial Accident Board and of the district court if the evidence is sufficient to sustain such findings, and in cases where no additional testimony is taken on the appeal to the district court the case comes to such court with the presumption that the Board has decided correctly. This is so even though some conflict in the evidence may exist. See Dean v. Anaconda Co., 135 Mont. 13, 335 P.2d 854; Nigretto v. I.A.B., 111 Mont. 83, 106 P.2d 178; Doty v. I.A. Fund, 102 Mont. 511, 59 P.2d 783, and cases cited therein.

■ Turning now to the issues as contended by claimant. The Board did not find as contended that claimant worked a five-day week, the finding was that the claimant worked a five-day average work week. Both claimant and his employer in their reports of the accident stated that claimant worked five or six days a week. Both admitted the wage was $2 per hour, the employer setting forth the daily wage as $16, the claimant that he was working on a "time" basis. Claimant asserts his wages should have been found to be $108 per week based on a nine-hour day and six-day week. Upon this basis had claimant worked four months at tong slinging as appears from the record here his earnings would have been approximately $1,728; upon the basis of an eight-hour day and five-day week his wages would have been approximately $1,280. The record discloses his wages to have been $1,069.19. Under

this record we cannot say that the evidence is insufficient to sustain the finding of the Board.

As to the second issue, claimant contends that under Gaffney v. I.A.B., 133 Mont. 448, 324 P.2d 1063; Shaffer v. Midland Packing Co., 127 Mont. 211, 259 P.2d 340; and Infelt v. Horen, 136 Mont. 217, 346 P.2d 556, the test is not whether there has been a loss of earnings or income caused by the injury, but has there been a loss of earning capacity, a loss of ability to earn in the open labor market.

It is true that in the Shaffer case, supra, this court held that a claimant's rights were not dependent upon a showing of loss of earnings but rather upon a showing of loss of ability to earn. In that case the district court found that the evidence failed to show any inability to obtain employment due to the injuries and the record supported such finding. There was proof of a limitation of muscular movement to the extent of forty or fifty percent, but our court stated that the loss of earning power as the result of an injury is not necessarily proportional to the bodily functional disability.

In the Gaffney case, our court held that while claimant suffered his industrial accident some years before, at that time it was not total disability permanent in character since regular employment at his regular salary continued, and therefore an essential element of disability at that time was lacking, his earning power had not diminished.

In the Infelt case, supra, it must be remembered that there was no evidence in the record to dispute the claimant's testimony as to his earning capacity before his injury, and after such injury the claimant had gratuitous services from fellow workmen but had to pay his brother compensation in order to earn as much as he had before his injury. We have no such record in this cause.

In all of these cases the court was dealing with claimants following their usual occupation, but here we have a situation where the claimant was employed only a few months

at tong slinging, which job he took because he was out of work in his usual occupation as a carpenter. There is no evidence in this record to indicate that claimant's ability to follow his usual occupation as a carpenter has been in any way impaired. To the contrary his own proof shows it has been more profitable and lighter work than tong slinging.

As this court stated in Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 608, 254 P. 880:

"The court fell into error in declaring the claimant is totally disabled. It may be true that he will not be able to resume his occupation as a miner. But our statute does not base disability, or incapacity to work, synonymous terms under the Compensation Law, upon impairment of one's earning capacity in the employment in which he was engaged at the time of the accident. The general rule is that disability cannot be found to be total where it appears that the claimant's earning power is not wholly destroyed and that he is still capable of performing remunerative employment. In such case he is under obligation of making active effort to procure such work as he can still perform."

Again in Friedt v. Ind. Acc. Bd., 136 Mont. 141, 147, 345 P.2d 377, 381, quoting from 2 Larson's Workmen's Compensation Law, § 57.35, the court said:

" 'If the claimant's earnings in post-injury employment are sufficiently regular and continuous to establish his true earning capacity, he cannot assert disability based on the uncertainty of future continuance of employment opportunities in that field.' "

The Industrial Accident Board found that claimant was able to carry on normal work at no loss in ability to earn wages, which finding was sustained by the district court, and under the record before us we cannot say that the evidence is insufficient to sustain such finding.

The judgment of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and DOYLE concur.

MR. JUSTICE ADAIR dissented.