MULHOLLAND, RESPONDENT, *v.* BUTTE & SUPERIOR MINING CO., APPELLANT.

(No. 6,690.)

(Submitted June 9, 1930. Decided June 20, 1930.)

[289 Pac. 574.]

*Messrs. Kremer, Sanders & Kremer,* for Appellant, submitted a brief; *Mr. Alf. C. Kremer* argued the cause orally.

*Mr. A. G. Shone,* for Respondent, submitted **a** brief.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

John Martin Mulholland, an employee of the Butte & Superior Mining Company, was accidentally injured on the back of the head while in the course of his employment. He received treatment at a hospital, was paid compensation, returned to work, again returned to the hospital, was paid further compensation, later returned to work, and, after being in service some four years, was discharged. Shortly after his discharge he filed a formal petition for compensation and rating of disability, claiming a seventy-five per cent permanent total disability as a result of injury to his brain caused by the accident.

After a hearing, the Industrial Accident Board awarded claimant compensation for 150 weeks, at the rate of $6.25 per week. Thereupon both claimant and the employing company asked for a rehearing, which was granted. Before the rehearing could be had, claimant filed an amended petition praying to be rated a permanent total disability, alleging that he could no longer perform ordinary manual labor and could not perform any labor whatsoever which necessitated his being above the surface of the ground, or which required a quick movement on his part, because of dizziness and vertigo; that he had suffered an obstruction of the arterial blood supply to different parts of his body and limbs and particularly that, by an obstruction and embolism resulting from the injury to his brain, he had suffered the loss of blood supply to his feet upon which gangrene had ensued, requiring the amputation of both feet; that he was permanently and totally disabled as a direct and proximate cause of his injury.

To the amended petition the company answered, and, the issues being joined, a hearing was had before the board. The hearing, as counsel for the company say, resolved itself into a battle of the experts, a number of whom appeared as witnesses for the claimant, and a number for the company. An expert for the claimant asserted that claimant is suffering from a rare ailment known as "Raynaud's disease," which

manifested itself in a symmetrical gangrene of both feet and was the result of the injury to the posterior portion of claimant's brain. There was a conflict in the testimony of the experts as to the seat of the vasomotor centers of the brain, and whether in all the literature upon Raynaud's disease trauma of the brain had been cited as a cause of the disease. The evidence having been concluded, the board took the matter under advisement, but being overwhelmed, apparently, by the mass of technical testimony submitted, decided that it would be better advised if the testimony of the experts were submitted to two referee physicians selected by the board, and transcripts of the testimony were submitted to Dr. S. A. Cooney and Dr. J. L. Treacy, of Helena, requesting them to make a written report giving their opinion as to the cause of claimant's present condition. In due time Doctors Cooney and Treacy reported in writing to the board, stating it to be their opinion that, as the attending physician gave it as his best judgment that the injury which the claimant suffered was connected with his subsequent disability and that other competent authorities give it as their opinion that Raynaud's disease might result from serious cerebral traumatism, they felt that under the conditions the claimant is entitled to the benefit of the doubt and that he is entitled to compensation.

Thereupon the board found the claimant to be a total disability of a permanent character as a result of the accident and awarded him compensation accordingly. The company filed a petition for rehearing, the principal ground being "the erroneous action of the board in submitting the testimony of the various experts who had testified before the board to Doctors Cooney and Treacy, the defendant company being deprived of the right of cross-examining the said doctors, and as the opinion of the board affirmatively shows that the decision and order of the board was not based upon the testimony submitted to the board by the various expert witnesses who testified before it, but upon the opinion of Doctors Cooney and Treacy, who were not witnesses before the board, and that in so submitting the testimony aforesaid the board acted

without and in excess of its powers." The motion for rehearing having been denied, the company appealed to the district court.

The appeal having been perfected, the company moved the court to try the appeal *de novo* and to permit additional evidence to be introduced, setting forth as one of the grounds of the motion the erroneous action of the board in submitting the evidence before it to the referee physicians and using their opinion as the basis for its order and decision. To this motion the claimant filed objections, which were overruled. Thereafter, the claimant being present in person and by counsel, and the company being represented by counsel, the cause was heard by the district court upon the record of the board as certified, as well as upon additional evidence which the court permitted to be introduced. Witnesses on the part of claimant and company were examined, and the evidence being closed the cause was taken under advisement. Thereafter the court, with the record of the board and additional evidence before it, found and determined "that the findings of fact of said board are reasonable, under all the circumstances of the case, and should be, and are, sustained (save and except that the finding that the rating of the claimant as a permanent total disability is not disputed by the defendant company)." The court specifically adopted the following finding of the board: "In view of the foregoing the board finds John Martin Mulholland to be a total disability of a permanent character and that his disability is the result of an accidental injury received in the Black Rock Mine of the Butte & Superior Mining Company on April 14, 1921."

Concluding, the court found generally in favor of the claimant and against the company; "that the ailment from which claimant is suffering (whatever it may be termed) was and is, the proximate result of his aforesaid injury; began to manifest itself about two months after his said injury; was progressive thereafter, and will continue to progress; and lapsed into total disability, of a permanent character, on or about the 10th day of April, 1928"; and thereupon made pro-

vision with respect to payments and interest thereon. The company has appealed from the judgment.

1. Counsel for claimant has moved to strike out portions of the transcript and to dismiss the appeal. In view of the conclusion reached we do not deem it necessary to pass upon the motion to strike. There is not any merit in the motion to dismiss the appeal. Both motions are overruled.

2. Counsel for the company argue two grounds for reversal. The first is based upon the action of the board in submitting the transcript of the testimony to the judgment of the two referee physicians; and it is argued that, in affirming the board's findings of fact as above stated, the court approved the error. It is said that it was the duty of the court to set aside the findings and conclusions of the board as not being in accordance with the law, upon the ground that the board had not regularly pursued its authortiy, and then to have made its own findings.

It may be conceded that the board erred in the particular alleged, but it does not follow that the district court perpetuated the error. The appeal before us is from the judgment of the court. Upon the perfection of an appeal from an order, decision or award of the Industrial Accident Board, the court is required to fix a day for hearing. (Sec. 2960, Rev. Codes 1921.) ''The court may, upon the hearing, for good cause shown, permit additional evidence to be introduced, but, in the absence of such permission from the court, the cause shall be heard on the record of the board, as certified to the court by it. The trial of the matter shall be *de novo*, and upon such trial the court shall determine whether or not the board regularly pursued its authority, and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case.'' (Sec. 2960.) ''The board and each party to the action or proceeding before the board shall have the right to appear in the proceeding, and it shall be the duty of the board to so appear. If the court shall find from such trial, as aforesaid, that the findings and conclusions

of the board are not in accordance with either the facts or the law, or that they ought to be other or different than those made by the board, or that any finding and conclusion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises.'' (Sec. 2961.)

As we said in *Dosen* v. *East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880, a trial in the district court upon an appeal from an order, decision or award of the board shall be heard on the record of the board, as certified to the court by it, unless the court, in the exercise of its judicial discretion, shall permit additional evidence to be introduced. If the court so permit, the trial proceeds upon a consideration of the *evidence* heard before the board, and that which the court allows to be introduced in addition thereto. The trial is a re-examination and redetermination in any and every event. If the trial is upon the record of the board alone, the re-examination is in the nature of review, but the court must render its own judgment. If the court permits additional evidence to be introduced, the trial proceeds upon a consideration of the evidence heard before the board, and that which the court permits in addition thereto. (*Nicholson* v. *Roundup Coal Min. Co.*, 79 Mont. 358, 257 Pac. 270.)

None of the additional testimony received by the court is contained in the record. It may be that it was extensive and comprehensive, that it covered the entire case and made plain to the court that which was obscure to the board. We are not justified in assuming that the new testimony alone was not sufficient to warrant the court's findings; on the contrary, if the testimony which is in the record did not justify the findings, it would be our duty to assume that the new testimony justifies them. Moreover, upon the argument counsel for the company stated frankly that he would not contend that the

additional testimony does not sustain it, but this fact, he argued, does not cure the error.

The court considered all the evidence before it as was its duty. The presumption is that it considered only competent testimony, and therefore did not pay any attention to the report which Doctors Cooney and Treacy made to the board. Error will not be presumed; every presumption in favor of its correctness attaches to a decision of the district court. (*Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.*, 19 Mont. 557, 49 Pac. 395; *State ex rel. Foot* v. *Farmers' & Mechanics' State Bank*, 85 Mont. 256, 278 Pac. 828.) The court might have and, strictly speaking, should have, set aside the board's finding and have made its own finding upon the evidence (*Kerns* v. *Anaconda Copper Min. Co.*, ante, p. 546, 289 Pac. 563), but the result is the same. By following the course it did, the court simply avoided circumlocution.

The findings of the trial court indicate a clear understanding of the case, and it appears that these were arrived at independently of the board's findings. The court's award goes further than does the board's. We do not see any error in the court's action.

3. The second ground of error is disposed of likewise; it is said the record does not show claimant to be totally and permanently disabled, and that the award should be based only upon the loss of two feet. (Sec. 2920, Rev. Codes 1921.) But as all the testimony is not in the record, we must presume there was sufficient evidence to sustain the court's findings on this score. The burden of showing error in the court's judgment is upon the appellant, and that burden has not been sustained. (*State* v. *Mott*, 29 Mont. 292, 74 Pac. 728; *Dockins* v. *Dockins*, 82 Mont. 218, 266 Pac. 398.)

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.