SHAFFER, Appellant, *v.* MIDLAND EMPIRE PACKING CO., INC., et al., Respondents.

No. 9187.

Submitted May 13, 1953. Decided July 9, 1953.

Rehearing denied July 23, 1953.

259 Pac. (2d) 340.

212

Mr. Franklin S. Longan, Billings, for appellant.

Mr. Cale J. Crowley, Billings, for respondents.

Mr. Longan and Mr. Crowley argued orally.

MR. JUSTICE ANGSTMAN:

Jacob P. Shaffer sustained an injury while in the employ of the Midland Empire Packing Company which arose out of and in the course of his employment. The employer was then operating under plan 2 of the Workmen's Compensation Act, R. C. M. 1947, secs. 92-1001 to 92-1012, the insurance carrier being defendant United States Fidelity & Guaranty Company.

The injuries resulted from a fall, a distance of about ten feet, causing claimant to hit on the back of his neck on frozen ground. The injuries consisted of contusions of the scalp and cerebral concussion which aggravated his previously existing arthritis and deafness. Likewise he has sustained defects of thinking capacity. The evidence shows a forty to fifty per cent limitation of muscular movement in the cervical spine of a permanent character. He was hospitalized for two weeks and at the end of eight weeks, on April 24, 1948, returned to work receiving the same or a greater salary than he received before being injured. His employment was that of president of the Midland Empire Packing Company, the principal duty being that of buying cattle.

On March 25, 1949, claimant sold his interest in the Midland Empire Packing Company and since that time has been self-employed in the business of buying cattle. He applied to the industrial accident board for compensation for permanent partial disability because of alleged forty per cent reduction in his physical and mental efficiency. At the hearing before the board claimant testified that his ability to work has been con-

siderably lessened because of the injuries. He said he has to have his son do much of his work, and particularly when it comes to figuring because of mistakes which he makes. He testified: ''Q. What have you to say about your condition now with what it was at the time you started to work for yourself, which would be in March, 1949? A. I can do about 40 per cent of the work, and the hard work, I couldn't do 10 per cent of what I have done before. Q. And your last answer refers to before your injury? A. Yeah; before I was injured.'' There is no medical testimony which indicates that claimant's earning capacity was impaired nor did claimant's testimony establish that fact.

The industrial accident board denied compensation. The order of the board recites that ''claimant has failed to show any loss of earnings as required by the statute.'' Application for rehearing was denied and claimant appealed to the district court where the case was heard on the record before the board. The district court found that claimant did not sustain the burden of proof resting upon him of establishing inability to obtain remunerative employment since sustaining the injuries and has failed to show inability to obtain other employment from which he could obtain wages after the sale of his interest in the employer corporation and sustained the action of the board. Claimant has appealed from the judgment entered by the district court.

Our statute providing for partial disability not involving specified injuries under R. C. M. 1947, sec. 92-709, fixes the amount at a certain per cent ''of the difference between the wages received at the time of the injury and the wages that such injured employee is able to earn thereafter,'' subject to a stated maximum. R. C. M. 1947, sec. 92-703.

The board seemingly took the view that since claimant received as much or more from his employer after the injury as before, that fact precluded any recovery because claimant failed to show any loss of earnings. The test, however, is not whether there has been a loss of earnings or income caused by the injury, but

rather has there been a loss of earning capacity—a loss of ability to earn in the open labor market.

The rule supported by numerous authorities from many jurisdictions is stated in the note in 17 A. L. R. 205 as follows: "The rule appears to be that the mere fact that after the injury the employee receives, or is offered, his former wages, or a larger sum, does not necessarily preclude recovery of compensation under the various workmen's compensation statutes." Further authorities supporting the same rule are listed in the note in 118 A. L. R. 731.

Horovitz in his work on Workmen's Compensation, p. 276, states the rule, with supporting authorities as follows: "Actual wages earned do not necessarily establish an employee's earning capacity. It is within the province of the trier of facts to find that the amount which he actually earned represented what he 'was able' to earn, but evidence of a greater earning capacity may not be excluded, nor of a lesser, i. e., that part of his so-called wages was a gratuity or gift." And see, 58 Am. Jur., Workmen's Compensation, sec. 285, p. 780.

The Kansas statute, like ours, bases compensation upon the difference between the wages received at the time of injury and the wages that the injured employee is able to earn thereafter. Kansas has repeatedly held that because an injured workman obtains employment after being injured at the same or better wages than he received at the time of the injury is no barrier to his right to compensation if he has in fact suffered a disability to earn wages. Sauvain v. Battelle, 100 Kan. 468, 164 Pac. 1086; Gailey v. Peet Bros. Mfg. Co., 98 Kan. 53, 157 Pac. 431; Quillen v. Wichita Gas Co., 128 Kan. 9, 275 Pac. 1075; McGhee v. Sinclair Refining Co., 146 Kan. 653, 73 Pac. (2d) 39, 118 A. L. R. 725; Beal v. El Dorado Refining Co., 132 Kan. 666, 296 Pac. 723; Raffaghelle v. Russell, 103 Kan. 849, 176 Pac. 640; Davis v. C. F. Braun & Co., 170 Kan. 177, 223 Pac. (2d) 958. And see to the same effect, Texas Employer's Ins. Ass'n. v. Evers, Tex. Civ. App., 242 S. W. (2d) 906.

The board was in error in determining that claimant's rights

were dependent upon a showing of loss of earnings rather than upon a showing of loss of ability to earn. Whether the board reached the correct result will be answered in what we have to say regarding the action of the court.

The district court based its decision upon a failure of proof of any loss of ability to earn. If that conclusion is correct, then the judgment of the court, as well as the order of the board, must be sustained.

"Loss of earnings due to inability to obtain work is to be considered in determining the amount of compensation" if such loss of earnings is attributable to the injury. 58 Am. Jur., Workmen's Compensation, sec. 284, p. 780, n. 15.

But here the district court found that the evidence fails to show any inability to obtain employment due to the injuries and the record supports that finding. There was proof of a limitation of muscular movement to the extent of forty or fifty per cent, but the rule is that "the loss of earning power as the result of an injury is not necessarily proportional to the bodily functional disability." 58 Am. Jur., Workmen's Compensation, sec. 284, p. 780.

It is true, as above pointed out, claimant testified to the conclusion that he can do only about forty per cent of the work which he formerly could do and only ten per cent of the hard work. There was no proof that his earning capacity was in anywise reduced by inability to perform work. He did not show how or in what manner his ability to earn had been in anywise reduced because of the injuries.

The district court did not err in sustaining the conclusion of the board. The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.