CHESTER GREENFIELD, Appellant, v. INDUSTRIAL ACCIDENT BOARD, Respondent.

No. 9843.

Submitted Sept. 4, 1957. Decided January 31, 1958.

320 Pac. (2d) 1000.

Stanton, Wilson & Hovland, Hardin, J. H. McAlear, Red Lodge. Robert H. Wilson, Hardin, and J. H. McAlear, Red Lodge, argued orally, for appellant.

L. V. Harris, Helena, for respondent.

MR. JUSTICE CASTLES:

This is an appeal from a judgment of the district court affirming an order of the Industrial Accident Board. The order of the Board had found that the claimant was entitled to compensation. The appeal is directed solely to the computation of the compensation.

The Board found that the claimant was sixteen years of age at the time of injury and reached the age of eighteen on February 21, 1956, at which time he reached the earning status of an adult. That he was partially disabled as a result of his

injuries and was supporting his parents. The Board found that the claimant was entitled to temporary total disability from the date of the accident, July 21, 1954, until October 21, 1954, thirteen weeks, at the rate of $27 per week. On October 21, 1954, the Board determined his status to be permanent partial disability. From then, until August 1, 1955, forty and six-sevenths weeks, he was paid $6.12 weekly. From August 1, 1955, to February 21, 1956, the Board found that the claimant received wages exceeding what he was earning at the date of injury and therefore was not entitled to compensation. On February 21, 1956, when the claimant attained his eighteenth birthday, the Board concluded that the claimant should be paid the difference between the wages he would be capable of earning as a mature adult in work of the type he had been engaged in and the wages he was actually earning after his eighteenth birthday. He was actually earning $46.15 per week, and as a mature adult in work of the type he had been engaged in would have earned $54 per week, the difference being $7.85.

The claimant was sixteen years of age, single, and was contributing to the support of his parents. He had been employed about one month by a large farming concern which was enrolled under Plan III of the Workmen's Compensation Act, R.C.M. 1947, section 92-1101 et seq. His work was performing odd jobs and as a helper. The claimant was earning $7.50 per day and worked a six-day week. His fellow employees, all adults, including his father, were paid $9 per day. He was injured in the lower portion of his back in what was determined by the Board as being compensable injury, and on this appeal it is conceded that he has a partial disability of a permanent nature.

About four months after the accident, the claimant went to work as a reconditioner of used cars at $.75 per hour and worked irregularly until February or March of 1956 when he began working steadily at a wage of $200 per month.

The claimant, according to the record, was a slight lad at the age of sixteen, weighing 125 pounds. He has only had an

eighth grade education and his entire working history began with the job on which he was injured. At the time of the hearing before the Board he was eighteen years of age and weighed 130 pounds.

The claimant sets forth eight specifications of error which may be grouped into a single issue: The refusal of the district court to adopt the claimant's theory that the computation of compensation should have been made on the basis of the difference between what the claimant was earning after the injury and what the union wage scale was—rather than on the difference between what the claimant was making and what he would be capable of earning as a mature adult in work of the type he had been engaged in at the time of the injury.

First, we should mention that the appellant seeks to have the court enunciate rules concerning whether a minor is to have the amount of compensation to which he is entitled determined on the basis of adult wages in the same or similar employment after he reaches the age of majority. There is no contention made by the respondent on this point, since the Board has made its computation on the basis of adult wages and the district court so found. Therefore, no issue on this question is before us.

The statute, R.C.M. 1947, section 92-703, which provides the method of determining the amount of compensation in cases of partial disability applicable here reads as follows:

"92-703. *For partial disability* * * * where the injured employee has * * * a father and mother * * * who would be entitled to compensation in case of his death, sixty per centum (60%) of the difference between the wages received at the time of the injury and the wages that such injured employee is able to earn thereafter * * *."

Under this section, the method of computation is clear and simple. Two basic facts must be determined:

(1) The wages received at the time of the injury. There is no dispute over this in the instant case. The Board adjusted the claimant's wages from $7.50 per day upwards to $9 per

day to reflect the change from age sixteen of a minor to eighteen of an adult. As previously said, there is no dispute on this point between the parties. Thus the wage was $54 per week.

(2) The wages the injured employee is able to earn thereafter. There is no conflict on this point. The claimant was able to earn and still earned at the time of the hearing $200 per month or $46.15 per week.

The difference between the two is $7.85 per week. Rather than applying the 60 per cent figure as the above statute requires, the Board is paying 100 per cent of this difference, or $7.85 per week for the maximum period of time. The Board is willing to do this by following a liberal construction in favor of the injured workmen. Actually the Board might have applied the 60 per cent figure to the $7.85 and only paid $4.71 per week.

This court construed section 92-703, R.C.M. 1947, then section 2914, Revised Codes of 1921, in Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 555-557, 268 Pac. 495, 500, as being plain and simple of application. It said: ''We do not find section 2914, supra [Revised Codes of 1921, now R.C.M. 1947, section 92-703], impossible of application; it is plain and practicable. It should have been followed in this case, and for the Board to have rendered a correct decision, as to claimant's compensation for permanent partial disability, under that section, as interpreted in Novak v. Industrial Accident Board, supra [73 Mont. 196, 235 Pac. 754], to which we adhere, the first thing for it to have done was the ascertaining of the wage received by claimant at the time of his injury. That would have been simple. As we have shown, the wage was $40 per week. The next thing would have been to have ascertained the wages he was able to earn, if any, from the time of the hearing, when his temporary total disability ended and his permanent partial disability began. * * *

''It was incumbent on claimant to show by evidence the wages, if any, he was still able to earn, and as well that he had

made every reasonable effort to obtain suitable employment and, thus make out his case. [Citing cases.] It did not devolve upon defendants to do either. There was not sufficient evidence before the Board upon which to base an award for permanent partial disability; hence its award therefor is not justified by the ·evidence.'' See also Williams v. Industrial Accident Board, 109 Mont. 235, 242, 97 Pac. (2d) 1115.

At this point, the answer to this appeal seems simple. However, the claimant urges that this court's opinion in Shaffer v. Midland Empire Packing Co., 127 Mont. 211, 213, 259 Pac. (2d) 340, 341, has interpreted section 92-703 in a different manner than heretofore set forth. In the Shaffer case, the court said: ''The Board seemingly took the view that since claimant received as much or more from his employer after the injury as before, that fact precluded any recovery because claimant failed to show any loss of earnings. The test, however, is not whether there has been a loss of earnings or income caused by the injury, but rather has there been a loss of earning capacity—a loss of ability to earn in the open labor market.''

And later on in the opinion the court said: ''The board was in error in determining that claimant's rights were dependent upon a showing of loss of earnings rather than upon a showing of loss of ability to earn.''

The court then went on to determine that the claimant had failed in his burden of proof of any loss of ability to earn. The court said further: ''It is true, as above pointed out, claimant testified to the conclusion that he can do only about forty per cent of the work which he formerly could do and only ten per cent of the hard work. There was no proof that his earning capacity was in anywise reduced by inability to perform work. He did not show how or in what manner his ability to earn had been in anywise reduced because of the injuries.''

In Meznarich v. Republic Coal Co., 101 Mont. 78, 92, 93, 53 Pac. (2d) 82, 87 quoting from Lewis & Clark County v. In-

dustrial Acc. Board, 52 Mont. 6, 155 Pac. 268, L.R.A. 1916D, 628, it was said:

" 'Compensation laws proceed upon the theory that the injured workingman is entitled to pecuniary relief from the distress caused by his injury, as a matter of right  *  *  *  that his compensation shall be certain, limited by the impairment of his earning capacity, proportioned to his wages  *  *  *' "

The court then went on to say in the Meznarich case:

"Aside from the loss of members of the body, the extent of a man's disability is determined by answering the question as to whether or not he is able to earn wages by labor, and, if so, how his earning capacity compares with that before the injury. If he is still able to earn something as wages, his disability is partial. if not, it is total. [Citing cases.] The Board's decision on this question can only be reversed if arbitrary and founded on no substantial evidence. [Citing case.]"

We think that these cases mean that the money received as wages is not the sole criterion of earning capacity, but it is a criterion to be followed in the absence of a strong showing that it is not a reliable standard. They recognize that the question is one of fact rather than a question of law. The Shaffer case recognized that actual earnings after the injury are *prima facie* evidence of "ability to earn." See also 2 Larson's Workmen's Compensation Law, 6, 10, 17.

It is obvious from a reading of the record that claimant's counsel attempted to present a case to come within the statements made by this court in the Shaffer case in an effort to show that the claimant's earning capacity in the open-labor market was impaired.

The claimant called as a witness the secretary and business representative of Hod Carriers and Laborers' Local Union No. 98 of Billings, Montana. He testified that his local had jurisdiction in fourteen counties, including Big Horn County, wherein the claimant resided and was injured. He testified that the union rate of pay for common labor at the date of the claimant's eighteenth birthday was $2 per hour. He testified that

there were about 600 union workers in the area drawing those wages. An estimated 150 non-union workers were paid union scale by contractors who were not under union contract.

On the basis of the evidence, the claimant asserts that he is capable of earning $96 per week, and that he is therefore entitled to compensation on that basis. Claimant's counsel offers a formula based on percentages of earning capacity. Suffice it to say, we are not impressed by its application nor reasoning as applied to section 92-703, R.C.M. 1947.

There was no proof offered that the union scale was the going wage in Hardin and vicinity. Not one employer in Hardin was cited as paying this union wage. It appears that the claimant has never worked for a union wage or for an employer who paid union wages. He was not a member of the union. The most that could be said for the evidence was proof of the wage scale for union workers in fourteen counties.

The claimant attempted to testify as to his own opinion that his employment since his accident was not equivalent to what he would otherwise have obtained. In sustaining an objection to this type of unqualified opinion, the district court invited testimony as to what "other people received" in the area. No evidence was offered as to the going rate for adults. The only evidence offered was the union scale and claimant's statement that he had turned down a truck-driving job paying $15 per day because of his condition.

The claimant has failed to show any loss of ability to earn in the open-labor market different than that found by the Board and the district court. We believe the Board was completely fair in its determination and gave the claimant every benefit it could under the law.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE

ANGSTMAN, and THE HONORABLE C. B. ELWELL, District Judge, concur.

MR. JUSTICE ADAIR, dissents.