SEBASTIAN M. FRIEDT, Plaintiff and Appellant, v. INDUSTRIAL ACCIDENT BOARD, Defendant and Respondent.

No. 10000.
Submitted September 14, 1959. Decided October 30, 1959.
345 Pac. (2d) 377.

142

See **C. J. S.** Workmen's Compensation, § 310.

 .

Michael J. Whalen, Billings, argued orally, for appellant.

L. V. Harris, Helena, argued orally, for respondent.

MR. JUSTICE CASTLES:

This is an appeal from a judgment of the district court, sitting without a jury, in review of a workman's compensation determination by the Industrial Accident Board. The Board's determination denies all claim for permanent disability. Judgment sustaining the Board was entered on the district court's own findings of fact and conclusions of law. Motion for rehearing was denied. Plan Three is involved. The employer is not a party.

Friedt is the injured, appellant workman. On June 12, 1956, his left hand was bruised and lacerated in an accident occurring during the course of his employment. Friedt is a journeyman carpenter, and the head of a family, supporting his wife and four minor children on his earnings from his trade. He was hospitalized two days and was off work four weeks. He was paid four weeks temporary total disability. He returned to full employment at his prior pay on July 9, 1956. Except for seasonal layoffs he has been continuously employed at his trade from the date he returned to work. His post-injury earnings from employment in his trade have been at full pay scale for the area where he has been employed. To date the wages he has received have indicated no diminution in his earning capacity.

However, appellant has submitted testimony that as a result of the accident he has suffered permanent limitation in the use

of his left index finger, and other testimony that while, so far, his wages have been full scale, this is partially because his employer has been willing to overlook the handicap appellant insists results from the accident. He is apprehensive that some future employer may not be so generous, and as a consequence appellant argues that he faces the prospect of a wage loss in the future.

The injuries were sustained while moving a heavy saw, which slipped and caught Friedt's left hand, bruising it and lacerating the profundus tendon and digital nerves of the left index finger. All other injuries were minor. He has recovered from these. But he testified that the left index finger is permanently stiffened and the tip numb, weakening the grip in his left hand and rendering it awkward and clumsy when he attempts to grasp nails, especially in cold weather.

Essentially, the position this claimant takes on appeal is that compensation should be awarded to him not as tested by his earnings in the open labor market, which admittedly have to date been full scale, but as tested by whatever permanent partial disability he suffers from the injury. This was estimated in the final report of the attending surgeon made on November 23, 1956, about five months after the injury, as "10 per cent as compared to loss of the entire hand." The record shows no subsequent report and no physician testified either for or against the appellant during hearing before the Industrial Accident Board and during the two hearings in the district court. Apart from his own, the only testimony appellant offered is from the financial secretary of the Carpenter's Union in the Billings area and from a house builder to whom appellant is in debt on the purchase price of appellant's residence. Testimony from the office manager of appellant's employer, giving wage figures from appellant's payroll records, came in over appellant's objections.

Contending that his earning capacity has been reduced fifty per cent (50%) in the open labor market, appellant asked the Industrial Accident Board and the district court for a lump

sum award based on five hundred (500) weeks at fifty per cent (50%) of permanent total disability. Commutation to lump sum is also asked to facilitate appellant's payment of his cumulating debts, to protect his equity in the now long delinquent $35 monthly payment purchase contract on his home, and to compensate his attorney.

Lump sum award need be considered only if compensation is ▇▇ decreed. Under all authorities, our approach to this appeal must be under the usual assumptions that official duty has been regularly performed, that the law has been obeyed, that an appeal presumes no error in the district court, and that we must sustain the ruling of the district court unless the record before us clearly preponderates against the district court's ruling. R.C.M. 1947, sec. 93-1301-7, subds. 15 and 33; Vail v. Custer County, 132 Mont. 205 (and citations on page 211), 315 Pac. (2d) 993; Morgan v. Industrial Accident Board, 133 Mont. 254, 321 Pac. (2d) 232.

No compensation is asked under R.C.M. 1947, sec. 92-709, for ▇▇ dismemberment. The claim is, as stated, for 500 weeks at 50 per cent (amended upwards in pleadings from an original claim of 33-1/3 per cent) of the maximum compensation allowable under R.C.M. 1947, sec. 92-703. Appellant's specifications question his right to elect between claim by dismemberment and claim by disability. But the injury dates from before the 1957 amendment to R.C.M. 1947, sec. 92-709, which first appears as section 7 of Chapter 234, Laws of 1957, and under our ruling in Spieth v. Stuart, 130 Mont. 216, 299 Pac. (2d) 106, decided June 27, 1956, this right of election exists in claims dating before the 1957 amendment.

Appellant's eight specifications of error summarize into the single proposition that the district court should have upheld his claim and reversed the Board's determination against him. This position is based on the argument that capacity for earnings and not the earnings themselves constitutes the test for loss of earning capacity. Appellant relies strongly on decisions from other jurisdictions, which we do not consider controlling here,

and on Shaffer v. Midland Empire Packing Company, 127 Mont. 211, 213, 259 Pac. (2d) 340, 342, from which he quotes: "The test, however, is not whether there has been a loss of earnings or income caused by the injury, but rather has there been a loss of earning capacity—a loss of ability to earn in the open labor market."

But appellant's position overlooks the significance of the concluding limitation, "in the open labor market." The evidence in the present appeal shows that appellant has so far suffered no such loss, and the findings of the district court confirm this in these words, "However, no injury resulting from his industrial accident has disabled him, except during the brief period of temporary disability immediately following the accident."

Appellant likewise overlooks this position of the Shaffer opinion, supra, 127 Mont. at page 215, 259 Pac. (2d) at page 342:

"But here the district court found that the evidence fails to show any inability to obtain employment due to the injuries and the record supports that finding. There was proof of a limitation of muscular movement to the extent of forty or fifty per cent [Friedt's disability was estimated, as above, at '10 per cent as compared to loss of the entire hand'], but the rule is that 'the loss of earning power as the result of an injury is not necessarily proportional to the bodily functional disability.' 58 Am. Jur., Workmen's Compensation, sec. 284, p. 780."

The respondent Board relies on our recent opinion in Greenfield v. Industrial Accident Board, 133 Mont. 136, 320 Pac. (2d) 1000, decided January 31, 1958, which, under the facts presented, disposes of this appeal adversely to the appellant. Greenfield follows the authority of Meznarich v. Republic Coal Co., 1935, 101 Mont. 78, 53 Pac. (2d) 82, which followed Lewis & Clark County v. Industrial Accident Board, 52 Mont. 6, 155 Pac. 268, L.R.A. 1916D, 628. The Greenfield opinion, supra, 133 Mont. at page 141, 320 Pac. (2d) at page 1003, says:

"We think that these cases mean that the money received as

wages is not the sole criterion of earning capacity, but it is a criterion to be followed in the absence of a strong showing that it [money received as wages] is not a reliable standard. * * * The Shaffer case recognized that *actual earnings after the injury are prima facie evidence of 'ability to earn'.*" (Emphasis supplied.)

The Greenfield decision recognized this presumption, and on the authority of the Shaffer decision describes the presumption as *"prima facie."*

It seems to us that a distinction must be maintained between earnings as income and earnings as wages. For example, a totally and permanently disabled injured workman could, by judicious investment or by luck at gaming, earn "income" immeasurably beyond the income possible to him as wages in his trade. But by no test in any manner relevant to the concepts which underlie workmen's compensation legislation could such "income" be considered, even *prima facie,* as "earnings" for the purpose of computing industrial accident benefits. Speculation may be exciting, on occasion it proves rewarding, but it is not industry. We must, therefore, reiterate the formula laid down in the Shaffer case: loss of earning power as tested by "loss of ability to earn in the open labor market."

So far, appellant's wage earnings in the open labor market have not diminished and there is nothing before us to confirm appellant's apprehensions that as a result of appellant's accidental injuries his wage earnings necessarily will diminish in the future. Until, as a result of the accident, such diminution occurs or becomes demonstrably imminent, appellant's actual earnings are the most reliable standard for determining his earning capacity.

The district court also found as a fact that the "Claimant has failed to show any disability entitling him to compensation which could be the subject of a lump sum award or an award of compensation in any amount," and concluded as a matter of law that "the evidence does not clearly preponderate against the Findings and Conclusions of the defendant [Board]." The district court was not in error.

We note that the evidence showing appellant's earnings covers the period from July 1956, the month he returned to work, through April 1958. The wages are full scale. Supplemental testimony was received from appellant at a further hearing in district court during June 1958. Appeal was argued on September 14, 1959. Nothing in the record indicates appellant's earnings have diminished since the first hearing in the district court. At all times and wherever employed he has been paid in full scale.

Bearing in mind that money received as wages in the open labor market is a reliable standard of earning capacity until shown otherwise and remembering our qualification that loss of earning capacity must be tested by loss of ability to earn in the open labor market, which loss appellant here has so far not established, we quote from 2 Larson's Workmen's Compensation Law, sec. 57.35 (Impermanence of post-injury earnings), at p. 17:

"If the claimant's earnings in post-injury employment are sufficiently regular and continuous to establish his true earning capacity, he cannot assert disability based on the uncertainty of future continuance of employment opportunities in that field."

Reckoning back from the date the appeal was argued, appellant's post-injury earnings have continued at full scale over a period of more than three years.

Under the facts of the present case, the earnings to be considered are not the income from speculation nor is it relevant to. consider prospective loss of wage income based solely on a claimant's apprehension and doubt as to his future wage earning capacity. Full scale paid is full scale earned. Under the provisions of R.C.M. 1947, secs. 92-826 and 92-830, the Industrial Accident Board has continuing jurisdiction of appellant's claim. Should appellant's earnings in the open labor market diminish in the future. as a result of the injuries he sustained on June 12, 1956, or should a reduction in such earnings as a result of such accident become demonstrably imminent

at any time in the future, the Board must, on proper showing, determine appellant's claim to disability income as the facts then warrant.

The district court did not err in sustaining the conclusion of the Industrial Accident Board. The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN and ADAIR concur.

MR. JUSTICE BOTTOMLY, (specially concurring):

I concur in the result reached by the majority decision for the following reasons:

The District Court, in its findings of fact, found that a possibility exists that the injury to this claimant may be disabling at a future date and therein directed that the defendant Industrial Accident Board should retain jurisdiction to reconsider any claim made upon a showing of a change in circumstances for the claimant. To my mind the district court's instruction to the Board, combined with the mandate of this court's decision, fully disposes of this case under the specific facts and circumstances herein and provides this injured workman with the full protection which is his right under our Workmen's Compensation laws.