MURRAY C. LIND, JR., Plaintiff and Respondent, v. A. L.
LIND and MURRAY C. LIND, and Anchor Casualty
Company, Defendants and Appellants.

No. 10534

Submitted March 18, 1963. Decided July 15, 1963.

383 P.2d 808.

Clayton R. Herron (argued orally), Helena, for appellants.

Robert J. Holland (argued orally), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order entered in the district court of Silver Bow County in an action involving an industrial accident.

Plaintiff suffered a back injury on February 11, 1955, while employed by his father and uncle, doing business as the Butte Stove Repair Company in Butte, Montana. When he was injured he was earning $350 per month.

A hearing was held before the Industrial Accident Board, hereinafter referred to as the Board, on November 8, 1956, and on December 26, 1956, the Board entered its findings of fact, conclusions of law and order. The Board found that the employee suffered a permanent back injury "which will in the future affect his ability to earn wages", and that since the date of the accident, after a period of temporary total disability, he had continued to work for the same employer at his regular wage.

Application for rehearing was made and denied and notice of appeal to the district court filed on February 11, 1957.

Nothing further occurred in the matter until the appeal to the district court was noticed for hearing on August 13, 1962.

At this hearing a motion to dismiss and objections were made which are hereafter referred to. The motion was taken under advisement and the objections overruled and the matter proceeded to hearing. On October 29, 1962, the court entered findings of fact, conclusions of law and its order. The order contained a provision that nine additional weeks of compensation be paid for temporary total disability and ordered the case remanded to the Board with direction that a rehearing be held "and to limit such hearing to a determination of what part of the claimant's salary from the date of the accident (exclusive of temporary total disability heretofore and herein ordered) to June 1, 1962, represented actual earning capacity, and what part of said salary represented a gratuity from his employer and, thereafter, to apply section 92-703, R.C.M., 1947, as amended, and make appropriate award."

From this order this appeal was taken.

The findings of fact, conclusions of law and order of the Board read:

"FINDINGS OF FACT

"I. Murray C. Lind was injured in an accident arising out of and in the course of his employment by Butte Stove Repair Company, a partnership consisting of A. L. & Murray C. Lind in Silver Bow County, Montana, on February 11, 1955. At the time of his accidental injury, his employer was enrolled under Plan Two of the Workmen's Compensation Act and the insurance carrier was the Anchor Casualty Company, defendant herein.

"II. The report of the said accidental injury was duly made to the insurer and claim for compensation was filed by the claimant on February 26, 1955.

"Thereafter, the claimant continued to work at lighter employment for the employer at his regular wage and was paid compensation.

"That the claimant has continued to work for the same em-

ployer, but has been able to do only office work which does not require the use of his back.

"III. That the evidence established that the claimant suffers from a permanent back injury which will in the future affect his ability to earn wages.

"The duration of the said disability is at this time unknown."

"CONCLUSIONS OF LAW

"Murray C. Lind suffered accidental injury, compensable under the Workmen's Compensation Act, entitling him to compensation for temporary disability from February 11, 1955, to March 14, 1955, which the compensation has been paid in full.

"II. That pursuant to the provisions of Section 92-825, Revised Codes of Montana, 1947, the claimant is entitled to an award of nominal disability and shall be entitled to receive compensation upon a proper showing made before the Board that his disability is causing him loss of wages."

"ORDER

"The above-entitled matter came on for hearing before the Industrial Accident Board at Helena, Montana, on November 8, 1956, before Robert F. Swanberg, Chairman of the Board.

"Evidence was introduced in support of the claimant's claim for compensation, and the matter was continued pending the taking of further testimony. Thereafter, both sides announced that the matter was submitted to the Board, and it was thereupon taken under advisement. The law and the evidence having been fully considered the Chairman of the Board made and filed Findings of Fact and Conclusions of Law and the Board after having fully considered the matter and being advised,

"IT IS THEREFORE ORDERED that the Findings of Fact and the Conclusions of Law of the Chairman, be, and the same are hereby adopted and confirmed as the Findings of Fact and Conclusions of Law of the Industrial Accident Board.

"IT IS FURTHER ORDERED that the claimant be awarded a nominal disability, compensation for which shall be payable upon a showing being made before the Industrial Acci-

dent Board supported by medical evidence that the claimant suffers a loss in income by reason of the accidental injury, and, thereupon, the Board shall make a monetary award in accordance with the wage loss as may be determined under the provisions of the Act."

Ten specifications of error have been noted by appellant which raise the following contentions:

That the district court had no jurisdiction (a) to enter its order of October 29, 1962; (b) to remand the case to the Board and limit its field of inquiry to certain specified questions; and (3) after having found there was no evidence upon which an award could be based to do other than deny the claim.

At the outset of the hearing on the appeal in the district court, defendant's counsel made a motion to dismiss in these words:

"Comes now the defendant-respondent herein and moves to dismiss the appeal to the District Court upon the grounds and for the reasons that the said appeal is premature, in that the Order heretofore entered by the Industrial Accident Board is interlocutory only, and it is not the final determination of the cause, in that the order of the Industrial Accident Board awarded nominal disability."

Plaintiff objected to the court considering the motion to dismiss as being untimely.

Thereupon the court made the following observation:

"The problem that bothers me, of course, is this—that if the Board is correct, that they have made a determination of the disability, but have made no determination of loss, whether the Court has any jurisdiction at all to hear just part of the claim, on the loss part. Whether their Motion is timely or untimely, * * * a rehearing before the Board would be first necessary, but at any rate I will take under advisement the question whether their Motion is timely."

Then defendants further objected as follows:

"I would like to make the record clear, the defendant objects

to the introduction of any testimony here, on the grounds and for the reasons that the Court has no jurisdiction to hear this appeal and on the further ground that the appeal must be heard only on the evidence as made before the Board and this is not a proper forum in which the evidence should be introduced on the question of disability."

This objection the court overruled.

The crux of the matter is contained in the foregoing motion and objection.

The Board as the court observed had made a determination of disability but had referred the compensation award until a showing had been made that a loss in income by reason of the injury had been made.

The district court ruled that the Board erred in basing compensation on a "loss of income", and that the proper test is a loss of earning capacity. Both parties take the position that Shaffer v. Midland Empire Packing Co., 127 Mont. 211, 259 P.2d 340, states the proper rule. In that case it was held that the test is not whether there has been a loss of earnings or income caused by the injury, but whether there has been a loss of earning capacity—a loss of ability to earn in the open labor market. Clearly, this is the accepted rule of this jurisdiction, and hence, the Board was in error in deviating from it. For our latest discussion of this rule see McKinzie v. Sandon, 141 Mont. 540, 380 P.2d 580.

The most critical phase of this appeal is that the district court permitted the introduction of additional evidence for the purpose of establishing the loss of ability to earn wages. The Board's order states explicitly that compensation is to be delayed until claimant makes a showing of such loss *to the Board*. In the initial hearing no proof on this issue was made, and claimant failed to make the showing as required by the Board's order. The question now presented is whether in view of the Board's order the district court had jurisdiction to take testimony on the subject of loss of earning capacity.

The question of jurisdiction of the district court necessitates a complete understanding of the relationship between the court and the Board.

R.C.M.1947, § 92-821, states:

"All proceedings to determine disputes or controversies arising under this act shall be instituted before the board, and not elsewhere, and heard and determined by them, except as otherwise in this act provided, and the board is hereby vested with full power, authority, and jurisdiction *to try and finally determine all such matters,* subject only to review in the manner and within the time in this act provided." (Emphasis added.)

R.C.M.1947, § 92-834, describes the manner in which the appeal to the district court is to be taken. It is therein stated that the court "may, upon the hearing, for good cause shown, permit additional evidence to be introduced."

In view of these statutes, this court has frequently stated that the Workmen's Compensation Act makes the Board the trier of facts and permits a review only by the district court, except in cases where, for good cause shown, evidence is permitted in addition to the record of the Board. See Willis v. Pilot Butte Mining Co., 58 Mont. 26, 190 P. 124; Dosen v. East Butte Mining Co., 78 Mont. 579, 254 P. 880; Rom v. Republic Coal Co., 94 Mont. 250, 22 P.2d 161.

This court is of the opinion, however, that the "additional evidence" provision of section 92-834 is not unlimited in scope. Were this not so, the hearing before the Board would be nothing more than an inquiry preliminary to a contest in the courts. This result is contrary to the purposes of the Act. An unreasonably broad interpretation of the "additional evidence" provision would defeat the basic reason for submitting the controversy to an administrative agency, which is to obtain a speedy determination of the claim by a non-technical procedure. See Radonich v. Anaconda Copper Mining Co., 91 Mont. 437, 8 P.2d 658; Shugg v. Anaconda Copper Mining Co., 100 Mont. 159, 46 P.2d 435. The Legislature recognized this by

providing in section 92-821 that the Board should have exclusive jurisdiction to "try and finally determine" the claim.

In the present case, as a manifestation of this jurisdiction, the Board ordered that compensation be deferred until such time as claimant made a showing to the Board of his loss. It is important to note that denial of claimant's application for rehearing did not foreclose him from making this later showing. Claimant had other recourse than to appeal to the district court. The Board expressed its willingness to award compensation when and if claimant demonstrated his loss of income.

This court has heard a multitude of workmen's compensation cases in which the district court has properly permitted the introduction of additional testimony. However, in each case the Board either refused to hear the petition (Paulich v. Republic Coal Co., 110 Mont. 174, 102 P.2d 4), or made a final determination of the case thereby giving claimant no opportunity to make further proof before the Board. (Woin v. Anaconda Copper Mining Co., 99 Mont. 163, 43 P.2d 663; Best v. London Guarantee & Accident Co., 100 Mont. 332, 47 P.2d 656, to mention but a few.)

As stated above, it seems clear that the controversy presently before the court differs materially from those cases permitting the introduction of additional evidence. The Board in this case has really made only an interlocutory order inasmuch as it permits claimant to present additional evidence before the Board. This court is agreed that no "final determination" has been made by the Board, consequently the district court was without jurisdiction to take additional testimony of loss of earning capacity.

Defendant contends that the district court was without jurisdiction to remand the case to the Board. This contention is without merit in light of section 92-835, which states the duty of the district court. It is therein stated that "the court shall also make and enter any finding, conclusion, order

or judgment that shall be required, or shall be legal and proper in the premises."

This statute provides ample authority for permitting the district court to remand to the Board if it deems it necessary.

We further reject defendant's argument that the district court having made and entered findings and conclusions that there was no evidence given upon which an award could be based, the court had no authority to enter any order but one denying the claim. Having established that the district court had no jurisdiction to hear testimony on the issue of loss of earning capacity and that the Board had not made a final determination of the controversy, the entire foundation for this portion of defendant's theory is removed.

Defendant's final contention is that under section 92-826, which provides that the Board has no power to rescind, alter, or amend any *final* disposition which has been rendered more than four years prior thereto, the Board is powerless to act even though so directed by the district court. The obvious error in this portion of defendant's argument is that no final disposition has taken place. Hence, there is no time limit in this case which would render the Board powerless to act.

The judgment of the district court is reversed and this case is remanded to the district court with directions to remand to the Industrial Accident Board for further proceedings in accordance with this opinion.

MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR, concur.