GARY GAIL OBIE, Claimant and Respondent, *v.* OBIE SIGNS, INCORPORATED, Employer, and STANDARD ACCIDENT INSURANCE COMPANY, Defendant and Appellant.

No. 10537

Submitted May 15, 1963. Decided October 14, 1963.

Rehearing denied November 13, 1963.

386 P.2d 68

2

Clayton R. Herron (argued), Helena, for appellant.

Gene Picotte (argued), Conrad Fredricks (argued), Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

The defendants, Obie Signs, Incorporated, and Standard Accident Insurance Company, hereinafter referred to as appellants, appeal from the judgment of the district court of Lewis and Clark County. The district court had set aside the order of the Industrial Accident Board, hereinafter referred to as board, dated June 19, 1961, and entered its own findings of facts, conclusions of law and judgment and decree.

Claimant and respondent, Gary Gail Obie, hereinafter referred to as claimant, on January 17, 1959, suffered an injury while employed by his father who was doing business as the Obie Signs, Incorporated, in Great Falls, Montana. At the time of his injury, claimant's employer was enrolled under Plan Two of the Workmen's Compensation Act.

A hearing was held before the board on May 19, 1961. The board entered its findings of fact, conclusions of law and order on June 19, 1961, which stated in part:

"FINDINGS OF FACT

"V. That Claimant's injuries consisted of fracture, surgical neck of right humerus, fracture, shaft of right humerus in lower one-third and injury, radial, median and ulnar nerves.

"VI. That medical evidence showed claimant is presently permanently partially disabled with estimates ranging from 25 percent of the arm at the shoulder to 90 percent of the body as a whole.

"CONCLUSIONS OF LAW * * *

"II. That by reason of the fact that claimant has an impairment of permanent character which may be disabling in the future, he should be awarded nominal disability indemnity

4

as provided by section 92-825, Revised Codes of Montana of 1947.

"ORDER

"IT IS THEREFORE ORDERED that the Findings of Fact and Conclusions of Law of the Referee, be, and the same are hereby adopted and confirmed as the Findings of Fact and Conclusions of Law of the Industrial Accident Board.

"IT IS FURTHER ORDERED that pursuant to section 92-825, Revised Codes of Montana of 1947, the Claimant be awarded nominal disability indemnity of compensation at the rate of fifty (50) percent of his wage loss subject to a maximum of Twenty-eight Dollars ($28.00) per week subject to the time limits provided in the Act for the loss of an arm at the shoulder.

"IT IS FURTHER ORDERED that upon a showing being made by the claimant that by reason of the medical condition of his arm, he is unable to work, or suffers a loss in wages, by the making of a petition filed with the Board, the Board shall make an Order directing the insurance carrier to commence the payment of compensation in accordance with the wage loss, and shall hold such further hearing as may be necessary to establish the wage loss resulting from the Claimant's disability."

Claimant petitioned the board for a re-hearing on June 26, 1961. The petition was founded on many grounds, one being: "That the evidence submitted at the hearing does not justify or support the Board's finding of fact No. V, said finding of fact No. V being incomplete." The petition was denied on July 31, 1961. Claimant then appealed to the district court on August 4, 1961, said appeal being filed August 7, 1961, and a hearing was granted March 15, 1962.

At the hearing the claimant was asked "* * * if there is any substantial change, between the time of that hearing and now, in the physical difficulties which you experienced, aris-

ing out of your accident?" to which he answered "No, there hasn't been any change."

The board had found, as a finding of fact No. V, that the claimant had suffered injuries to the member of his body consisting of his right arm at the shoulder. The district court set aside the board's findings of fact in toto and found, in its own finding of fact No. VIII, that the claimant suffered from "total disability, permanent in character." The district court then granted claimant compensation for a period not exceeding five hundred (500) weeks by virtue of section 92-702, R.C.M.1947.

Appellant here cites eleven specifications of error, all of which go to two basic questions, first the failure of respondent to prove any decrease in earning ability after the accident, and second, that the district court erred in awarding total permanent disability to the respondent.

Respondent relies upon this court's ruling in Shaffer v. Midland Empire Packing Co., 127 Mont. 211, 213, 259 P.2d 340, 342, wherein we said "The test, however, is not whether there has been a loss of earnings or income caused by the injury, but rather has there been a loss of earning capacity—a loss of ability to earn *in the open labor market.*" Emphasis supplied.

Again in Friedt v. Industrial Acc. Board, 136 Mont. 141, 146, 345 P.2d 377, we said: "So far, appellant's [respondent here] wage earnings in the open labor market have not diminished and there is nothing before us to confirm appellant's apprehensions that as the result of appellant's accidental injuries his wage earnings necessarily will diminish in the future. Until, as a result of the accident, such diminution occurs or becomes demonstrably imminent, appellant's actual earnings are the most reliable standard for determining his earning capacity."

The Workmen's Compensation Act makes the board the trier of facts and the district court is a court of review,

except in cases where, for good cause shown, evidence is permitted in addition to the record of the board, section 92-834, R.C.M.1947; Lind v. Lind, 142 Mont. 211, 383 P.2d 808; Willis v. Pilot Butte Mining Co., 58 Mont. 26, 34, 190 P. 124, and where the court has received additional evidence not presented to the board, every presumption is in favor of the correctness of the court's decision. Murphy v. Industrial Accident Board, 93 Mont. 1, 6, 16 P.2d 705; Mulholland v. Butte & Superior Min. Co., 87 Mont. 561, 289 P. 574. In the instant case, the district court did not receive any additional evidence concerning the claimant's physical condition nor did it rule that the board's record indicated that the claimant's physical condition was other than that which the board previously found. We thus assume that the district court was in accord with the board's findings concerning claimant's injury.

Section 92-709, Revised Codes of Montana, 1947, allows two hundred eighty (280) weeks compensation for the loss of one arm at or near the shoulder and further states: "Partial loss or partial loss of use: Indemnity benefits for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member." We construe the legislative intent of this portion of § 92-709 to mean that for a permanent partial loss of use of a member, a board or court may grant as compensation the full amount allowable under this section that would result if the member was permanently lost or a proportionately less amount, but in no event would a board or court grant a greater amount of compensation than that allowed for the loss of the entire member. Thus, the district court's order is in conflict with this section. Our interpretation of section 92-709 does not place it in conflict with section 92-702. The paragraph of section 92-709 following that portion stated immediately above would allow compensation of five hundred (500) weeks, which section 92-702

also mentions, for a loss or loss of use to more than one member.

At the hearing additional testimony was presented concerning claimant's present employment situation. We fully expressed our views in connection with a like situation in Lind v. Lind, supra; where the Board had made an order, interlocutory in form, permitting the claimant to present additional evidence before the Board. We there held that no "final determination" had been made by the Board, and in consequence thereof the district court was without jurisdiction to take additional testimony of loss of earning capacity, and that the cause should be remanded to the Board to enable such evidence to be there presented so as to enable it to make a final determination. What we said there is applicable here.

The judgment of the district court is reversed and this case is remanded to the district court with directions to remand to the Industrial Accident Board for further proceedings in accordance with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.

MR. JUSTICE ADAIR:

I dissent.

On January 17, 1959, the claimant, Gary Gail Obie, suffered serious painful and permanent injuries while in the employ of his father then doing business as the Obie Signs, Incorporated, in Great Falls, Montana. The claimant's father was insured against industrial accidents by the Standard Accident Insurance Company.

The claimant, Gary Gail Obie, then age 20 years, then and there suffered:

(1) the fracture of the surgical neck of his right humerus being the bone that extends from his right shoulder to his elbow;

8

(2)   the fracture of the shaft of his right humerus in the lower one-third thereof; and

(3)   injury to his radial, median and ulnar nerves.

On May 19, 1961, being two years and four months after sustaining his above-described injuries, the claimant was given a hearing before the Industrial Accident Board.

On June 19, 1961, the Industrial Accident Board made its findings of fact to the effect that the claimant had sustained the above-described injuries and that the medical evidence showed that the "claimant is presently permanently disabled with estimates ranging from twenty-five percent of the arm at the shoulder to ninety percent of the body as a whole."

Also on June 19, 1961, the Industrial Accident Board made certain conclusions of law and certain orders awarding "nominal disability indemnity of compensation" and providing for the filing with the Board of a petition for additional relief should the claimant, by reason of "the medical condition" of his injured right arm and his above-described injured nerves, find himself unable to work or by reason thereof to suffer a loss in wages.

On June 26, 1961, the claimant petitioned the Board for a rehearing.

On July 31, 1961, the Board denied the claimant's petition for a rehearing.

On August 4, 1961, the claimant appealed to the District Court of the First Judicial District in and for the County of Lewis and Clark.

On March 15, 1962, a hearing was granted by the aforesaid district court following which hearing said court set aside the findings of fact theretofore made by the Industrial Accident Board and thereupon said court made its own finding to the effect the claimant has suffered a "total disability, permanent in character" and awarded the claimant compensation for a period not exceeding five hundred (500) weeks pursuant to section 92-702, R.C.M.1947.

The insurer Standard Accident Insurance Company, and the employer, Obie Signs Incorporated, appealed to this, the Supreme Court, from the above judgment of the district court made and given by the Honorable John B. McClernan, district judge presiding.

On May 15, 1963, this appeal was heard in this the Supreme Court.

Now on this 15th day of October 1963, being some four (4) years, eight (8) months and twenty-eight (28) days after Gary Gail Obie received his crippling injuries he is told by this court that the district court's order is in conflict with section 92-709, R.C.M.1947; that the district court did not receive any additional evidence concerning the claimant's physical condition nor did it rule that the board's record indicated that the claimant's physical condition was other than that which the board previously found; that at the hearing additional testimony was presented concerning claimant's present employment situation; that no "final determination" had been made by the Board and, in consequence thereof, the district court was without jurisdiction to take additional testimony of loss of earning capacity and that the cause should be remanded to the Industrial Accident Board to enable such evidence to be there presented so as to enable such Board to make a "final determination."

Thus does the claimant, Gary Gail Obie, now find himself back before the Industrial Accident Board precisely where he was on May 19, 1961, being the date of his first hearing before the Industrial Accident Board.

Gary Gail Obie is a seriously and permanently injured young man. He has demonstrated that he is not a quitter. At the time of receiving his injuries Gary's father was his employer. The father has proven himself to be an understanding one. He has given his son encouragement and aid. He has not stricken his crippled boy from his payroll. He has not cut his son's salary, and, in my book, he is not required to either

10

fire his offspring or to produce a loss of earning power by cutting his son's wages, to enable the son, Gary Gail Obie, to adjust his differences with his father's insurer, Standard Accident Insurance Company. Read Slavens v. Standard Accident Insurance Company (9th Cir. 1928), 27 F.2d 859.

In my opinion the judgment made and given by District Judge John B. McClernan was and is correct, just and legally sound and such judgment should be affirmed.