No. 12790

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ROBERT A. RONSHAUGEN,

                    Plaintiff and Appellant,

        -vs-

RAMSEY ENGINEERING CO. et al.,

                    Employer,
        and

NATIONAL BEN FRANKLIN INSURANCE COMPANY,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Thirteenth Judicial District,
              Hon. Robert H. Wilson, Judge presiding.

Counsel of Record:

        For Appellant:

            Lee Overfeldt argued, Billings, Montana

        For Respondent:

            Pedersen and Herndon, Billings, Montana
            Donald R. Herndon argued, Billings, Montana

---

                            Submitted:  January 22, 1975

                            Decided: FEB 14 1975

Filed: FEB 14 1975


_Thomas J. Kearney_
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the district court, Yellowstone County, in a workmen's compensation matter. It appears that claimant sustained a compensable injury; his medical bills were paid and he received temporary total disability benefits for a short period of time and then returned to work. The only issue on appeal is whether or not claimant suffered a loss of earning capacity on the open labor market and is entitled to be further compensated.

The matter was heard by the Workmen's Compensation Division and the hearings officer ruled the claimant was entitled to medical benefits, nominal disability indemnity award, and further provided that since his capacity to earn wages had not yet been diminished the case would remain under the continuing jurisdiction of the Workmen's Compensation Division. An application for rehearing was filed, denied, and an appeal was taken to the district court. In the district court the matter was submitted upon the evidence taken before the hearings officer and thereafter an order was entered denying the relief sought; this appeal followed.

It is conceded that claimant Ronshaugen is now employed in the same capacity he was before the injury and his present earnings are higher than they were before the injury. However, it is his contention that he has maintained this employment only because of the gratuitous assistance of his coemployees and the indulgence of his employer.

Ronshaugen relies on Infelt v. Horen, 136 Mont. 217, 346 P.2d 556. In that case the employee returned to work shortly after his injury but he was only able to continue with his work by reason of assistance from his fellow workers and his brother. He paid his brother $30 per week out of his averaged earnings of $100 per week, and that fact was taken into consideration by this

- 2 -

Court in sustaining an award. This is clearly distinguishable from the facts in this case.

We observe no error on the part of the Workmen's Compensation Division or the district court. The appellant urges that even though there has been no pecuniary loss resulting from the injury, that he has shown a loss of ability to earn in the open labor market. (Shaffer v. Midland Empire Pack. Co., 127 Mont. 211, 259 P.2d 340) In this cause the awarding of nominal disability benefits and retaining jurisdiction in the event there should be a subsequent loss of earning capacity was the proper way for the workman to be protected and the order of the district court is affirmed.

```
                                    _____
                                            Chief Justice
```

We concur:

```
_____

_____

_____
      Justices
```

- 3 -