ARTHUR P. BENOIT, Claimant and Respondent, v. MURPHY CORPORATION, Employer and Appellant, and UNITED STATES FIDELITY & GUARANTY COMPANY, Insurance Carrier and Appellant.

No. 10640

Submitted January 13, 1964. Decided April 3, 1964.

Rehearing denied April 29, 1964.

391 P.2d 350.

Smith, Paul & Emmons, Robert J. Emmons (argued), Great Falls, for appellants.

Angland & Marra, Joseph R. Marra (argued), Great Falls, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This case involves an industrial accident and is an appeal by the employer and its insurance carrier, hereafter called appellants, from an order of the district court of Roosevelt County which awarded the claimant employee 250 weeks of compensation.

Claimant Benoit was employed at Poplar, Montana, as a salt-water pumper and in the course of his employment on the morning of November 16, 1960, he went to a building, housing a pump, at which time he heard a bubbling from under the building and thinking it was a water leak he entered the building to check it. It turned out to be a gas leak instead and he inhaled gas and on getting out of the building he passed out and on regaining consciousness found he was some distance from the building on his hands and knees trying to get air. He continued to work the balance of that day, and on the following day, November 17, 1960, he started to become short-winded; on November 18, it became worse and he started having pains in his chest; on November 19 when he arose in the morning he started coughing and spit up blood but he did report to work and worked for a period of time but on reporting his condition he was referred to a doctor who advised him to go to his home. Complications resulted from this exposure and the employee was hospitalized at various times and did not return to work for an extended period. The employer carried him on the payroll continuously until April 1, 1961, and on May 2, 1961, he returned to work and continued to work until March 16, 1962, when he was discharged.

The insurance carrier, believing the incident not to be an industrial accident, declined liability and request was made for hearing before the Industrial Accident Board, hereinafter called the Board, by the employee. The hearing was held on May 15, 1962, before a hearings officer who made these findings of fact:

"That the uncontroverted medical evidence showed that the myocardial infarction and the subsequent pulmonary embolus were directly related to the inhalation of gas on or about November 16, 1960.

"That the medical evidence showed that Claimant has incurred residual physical impairment, the degree to which is unknown at this time."

On June 25, 1962, these findings were adopted and confirmed as the findings of the Board, which further ordered:

"IT IS THEREFORE ORDERED that the Findings of Fact and Conclusions of Laws of the Hearings Officer, be, and the same are hereby adopted and confirmed as the Findings of Fact and Conclusions of Law of the Industrial Accident Board.

"IT IS FURTHER ORDERED that the Claimant, Arthur P. Benoit, be, and he is hereby awarded nominal disability pursuant to the provisions of Section 92-825, Revised Codes of Montana of 1947 as amended.

"IT IS FURTHER ORDERED that if and when the Claimant suffers a loss in ability to earn wages and report thereof is made to the insurance carrier and to the Board with proper medical evidence in support thereof, such further award of compensation may seem proper and shall be made in accordance with the facts as they exist.

"IT IS FURTHER ORDERED that the Board shall retain jurisdiction herein to further adjudicate the claim."

The appellants made an application for rehearing wherein objection was made to the finding that the degree of permanent physical impairment was unknown, and it was contended, among other things, that the Board could not make such a de-

termination when the hearings officer refused to permit testimony concerning the extent of disability. An order was entered denying a rehearing on July 16, 1962, and an appeal to the district court was taken by the appellants on July 27, 1962. On October 10, 1962, the appellants moved the district court for permission to submit additional evidence at the hearing for the reason that Dr. R. D. Knapp was the first attending physician and he resided in Wolf Point; that he did not testify at the Board hearing and it would be to the best interests of all parties that the doctor appear and testify. This permission was granted.

The appeal was heard before the district court and on February 11, 1963, this order was made and entered:

"The above-entitled matter came on for hearing before the above-entitled Court on the 10th day of December, 1962, and evidence was introduced and consisting of the entire record of proceedings before the Industrial Accident Board and additional evidence having been introduced and the Court having heretofore made certain findings of fact and conclusions of law, now therefore,

"IT IS HEREBY ORDERED that the claimant, Arthur P. Benoit, be and he is hereby awarded two hundred fifty (250) weeks of compensation at his regular rate in accordance with the provisions of the Workmen's Compensation Act of the State of Montana."

While the order recites that the court had "heretofore made certain findings of fact and conclusions of law," none such are contained in the transcript on this appeal. On June 28, 1963, the appellants appealed.

By specifications of error they raise three contentions: (1) that the district court was without jurisdiction to take additional testimony of loss of earning capacity because no final determination had been made by the Board; (2) that the evidence is insufficient to sustain the court's order; and (3) that the Board exceeded its authority in awarding Benoit nominal

disability because there was no evidence before it on which to award nominal compensation.

As to the first specification it is argued that this case is identical to Lind v. Lind, 142 Mont. 211, 383 P.2d 808, in which we held that since the Board's order was interlocutory there had been no final determination, and over timely and proper objection the district court was without jurisdiction to take additional testimony of loss of earning capacity. In classing this cause as identical to the Lind case, three matters immediately come to mind: (1) In the Lind case the claimant appealed; here it is the employer and its insurance carrier; (2) in the Lind case, timely and proper objection to the procedure being followed was made; here no objection was ever raised; and (3) in the Lind case the employee presented the evidenc upon which the court's order was based; here the sole evidence in the district court was presented by the appellant employer and its insurance carrier.

We have a situation present here where the employer and its insurance carrier objected to the finding of the Board that the degree of permanent physical impairment was unknown; they appealed to the district court and asked to produce the testimony of the first treating doctor, and it appears to us that the only purpose of such testimony would be to establish that the Board was wrong in finding the degree of impairment was unknown. It should be noted here that at the time of the Board hearing only two months had elapsed since the employee had been working and it appears fairly clear from the medical testimony introduced that no definite prognosis as to duration or extent could then be made. However, this deficiency was supplied by the medical testimony produced by the employer and its insurance carrier before the district court and formed the basis for the court's order.

Counsel argue that there was no evidence before the Board as to the extent, if any, that Benoit's ability to earn wages in the open labor market had been harmed and that the claimant

made no effort to introduce any evidence thereof. With that we can agree, but then to contend before this court that the testimony presented in the district court by the dissatisfied employer and its insurance carrier, which did supply this evidence, was inadmissible and therefore there exists no basis for the court's award, is startling to say the least. Benoit was not before the district court by virtue of any request he made; he was brought there and in no way objected to coming, and raised no objection to the presentation of further testimony.

The Lind case in our opinion is sound and nothing said herein limits or qualifies that decision in any way; but it is clearly not applicable to the situation here presented to us. There is no question of jurisdiction presented here. The court had jurisdiction of the cause and the parties; it acted only on the evidence presented to it by appellants insofar as fixing the compensation award; in all other matters it affirmed the actions of the Board.

Turning to the second specification of error the argument of the appellants is directed to a critical analysis of the testimony of Dr. Knapp as their witness in the district court hearing, and again comment that the record before the Board did not sustain the findings of the district court as to disability. What we have heretofore said seems to answer this argument without further comment.

As to the third specification of error, the claim is made that the Board exceeded its authority in awarding nominal damages and retaining jurisdiction. It is contended that because the finding is not couched in the same language as section 92-825, R.C.M.1947, it is erroneous. This section reads:

"If in any proceeding it is proved that an accident has happened for which the employer would be liable to pay compensation if disability has resulted therefrom, but it is not proved that an incapacity has resulted, the board may, instead of dismissing the application, award a nominal disability indemnity if it appears that disability is likely to result at a future time."

The Board clearly found that residual physical impairment resulted, but that the degree thereof was unknown, and in this situation the Board was in position to make the award of nominal disability indemnity. When the Board found that a disability resulted but that the degree of permanent physical impairment is unknown, it would appear without any further explanation to imply "that disability is likely to result at a future time." This manner of handling claims by the Board has appeared in many cases before us and we have never found any reason to question the particular words used so long as the intent is present, which certainly is the case here.

The order of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, DOYLE and ADAIR concur.